EMILY R. WILSON *vs.* WILLIAM B. NICHOLS ET AL.

THEODORE A. WILSON *vs.* WILLIAM B. NICHOLS ET AL.

HENRY E. WILSON *vs.* WILLIAM B. NICHOLS ET AL.

Third Judicial District, New Haven, June Term, 1899. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

This court will not undertake to say that a conclusion of fact found by the trial court as an inference from evidence which is not printed in the record, was unwarranted, merely because such conclusion was opposed to the direct testimony in the case; nor that the trial court was bound to credit the direct testimony.

Assignments of error not supported by the record cannot be considered by this court on appeal.

The defendants, knowing that an intestate estate inherited by the plaintiffs was worth nearly, if not quite, $2,700 above its liabilities, and that the plaintiffs were ignorant of the amount and value of the property, falsely and fraudulently represented to them that the estate would net them only about $300, and thereby obtained an assignment of their interest for said sum. In an action for damages for this fraud, it was *held* : —

1. That these statements were not mere expressions of opinion or surmise, as claimed by the defendants, but positive assertions of fact purporting to be based upon knowledge derived from an examination and inquiry as to the amount of the estate.

2. That in view of the special knowledge which the defendants had and assumed to have respecting the value of the estate, and of the known ignorance thereof on the part of the plaintiffs, the parties did not stand on an equal footing and the plaintiffs were not negligent in relying upon the fraudulent statements.

3. That upon the facts found, which it must be assumed the evidence justified, there was no ground for the defendants' claim that the plaintiffs had failed to clearly establish the fraud charged.

4. That the plaintiffs were not bound to prove the full value of the estate as alleged, as a variance in this matter was of no legal significance.

5. That inasmuch as the present action was not one for a rescission of the assignment and the restoration of the parties to their original position, as assumed by the defendants, but for damages for the deceit which induced the making of such a contract, there was no foundation for the claim that the plaintiffs, by their *laches* and long delay in bringing the actions and by using the $300 paid to them after learning of the fraud, had ratified the assignment and estopped themselves from asking for its rescission; and that an allegation in the complaint that the plaintiffs had tendered to the defendants the $300 received from them for the assignment, was unnecessary and might be regarded as surplusage.

Delay in bringing an action for fraud, however much it may harm the defendant, does not estop the plaintiff from recovering damages, if the suit is begun within the time allowed by the statute of limitations.

Argued June 7th — decided August 1st, 1899.

ACTIONS to recover damages for fraud, brought to the Superior Court in Fairfield County and tried together to the court, *George W. Wheeler, J.;* facts found and judgment rendered in each case for the plaintiff, and appeal by the defendants for alleged errors in the rulings and findings of the court. *No error.*

The fraud set out in the complaint in each case was alleged to consist of certain false and fraudulent representations, made by the defendants to the plaintiffs, by means of which the plaintiffs were induced to assign to the defendants, for a comparatively small sum, certain rights of property of much greater value, which it was alleged the plaintiffs each had in

the estate of their aunt, Mary J. Beecher, who died intestate in 1889.

Among the material facts found were these: The plaintiffs are the only heirs at law of Mrs. Beecher. At the time they assigned their rights in her estate to the defendants they did not know what estate she left, except what they were told about this by the defendants. The defendants at and before the assignment knew that Mrs. Beecher had left about $2,700 in money on deposit in savings banks. In June, 1889, shortly after Mrs. Beecher's death, the defendants conceived the idea of buying out for a small price the plaintiffs' interest in the estate of Mrs. Beecher. For this purpose the defendants met the plaintiffs and said to them, in substance, that the defendants had looked up Mrs. Beecher's estate and found that there would be only about $300 left of it after paying the funeral expenses and some little bills, and there might not be that; that this was all they could find, and all plaintiffs would get, and that it would be a great deal of trouble to the plaintiffs to get even that sum. The defendants then offered to give the plaintiffs the sum of $300 in full for all their right and interest in the estate, and the plaintiffs agreed to accept said sum and to assign their rights in the estate to the defendants, and then and there did so in writing.

The representations so made by the defendants to the plaintiffs to induce them to assign their rights in said estate were false to the knowledge of the defendants, were made with intent to deceive the plaintiffs and with intent that the plaintiffs should rely upon them; the plaintiffs did rely upon them and would not have made the assignment had they not believed them to be true.

The amount distributed to the defendants, under this assignment, from the estate of Mrs. Beecher, was $3,378.63.

The trial court refused to find certain facts which the defendants claimed were proven by uncontradicted evidence, and found certain facts which the defendants claimed were found without evidence.

The reasons of appeal, twenty-one in number, are based

mainly upon the action of the trial court in overruling the claims of the defendants made upon the trial, in rendering judgment for the plaintiffs upon the facts found, and in finding and refusing to find certain facts contrary to the claims of the defendants.

*Robert E. DeForest* and *Homer S. Cummings*, for the appellants (defendants).

*Alfred B. Beers* and *Louis K. Gould*, for the appellee (plaintiff).

TORRANCE, J. The reasons of appeal based upon the claims (1) that the trial court found certain facts without evidence, and (2) that it refused to find certain facts proved by uncontradicted evidence, will be first considered.

Under the first claim it is said the court found two important facts: first, that the defendants, when they took the assignment in June, 1889, knew the facts as to the amount of the Beecher estate; second, that the plaintiffs heard there was more in the estate than had been represented to them, "shortly after the first inventory was filed."

As to the first fact the defendants say, and the record bears out the assertion, that there was no direct testimony that they had the knowledge imputed to them, and they both testified that they did not have it. But the record shows that this fact was found as an inference from evidence in the case which is not before us, and that the court did not credit the testimony opposed to that inference; and we cannot, upon this record, say that the inference was unwarranted, or that the court was bound to credit the testimony.

As to the second fact the defendants say that the plaintiffs themselves testified that they heard the estate was greater than it had been represented to them, "within a month after the assignment," and the record bears out this assertion. But the court has also found, in effect, that notwithstanding this, looking at the entire evidence, paragraph 39 contains a

Wilson *v.* Nichols.

true statement of the fact, and upon this record we cannot say that this is not true. Upon the whole there is nothing on the record which supports the claim that certain facts were found without evidence.

·The other claim, that the court refused to find certain facts proved by uncontradicted testimony, is also unsupported by the record. The facts claimed to have been so proved were testified to by the defendants, and their testimony was uncontradicted by any other direct testimony; but this cannot avail them here, because the court has expressly found that it did not believe their testimony; and we cannot upon this record say that it was bound to believe them or that it erred in not doing so. This disposes of all the errors assigned relating to the correction of the finding, and the result is that the finding as made must stand.

The remaining reasons of appeal will be considered substantially in the order in which they are set forth in the defendants' brief.

The defendants claim, in the first place, that the false representations found to have been made were simply expressions of matters of opinion. This claim is not supported by the record. The plaintiffs did not know when the assignment was made, what the amount of the estate was, except what they were told by the defendants. The defendants knew that it amounted to about $2,700 in cash. The defendants also knew then "that the funeral expenses and expenses of settling the estate were practically the only deductions to be made from her estate." Under these circumstances the defendants say, in effect, to the plaintiffs: "We have looked up this estate and find that after paying the funeral expenses and some little bills there will be only about $300 left, and there may not be that amount; this is all we can find." These statements are not expressions of mere opinion and surmise not based on knowledge, but positive assertions of facts said to be based upon knowledge after examination and inquiry as to the amount of the estate. *Scholfield Gear & Pulley Co.* v. *Scholfield*, 71 Conn. 1, 19. The trial court was justified in overruling this claim.

It is claimed in the next place, that the plaintiffs were negligent in relying upon these statements—had no right to rely upon them; and in support of this claim the general rule (1 Story, Eq. Jurisp. (11th ed.) §§ 199, 200 a) is cited, to the effect that where a party, dealing with another upon an equal footing, negligently relies upon the representations of that other, the courts will not relieve him from the effects of his folly. That rule has no application in a case like this. Here the defendants had, and assumed to the plaintiffs to have, special knowledge as to the amount of the estate, a knowledge which the plaintiffs did not then have and which the defendants knew the plaintiffs did not have, and the defendants then knew that the plaintiffs relied upon the representations in making the assignment. Under these circumstances the case comes within the exceptions to the general rule, and the trial court was justified in overruling the claim under consideration. *Gustafson* v. *Rustemeyer*, 70 Conn. 125, 133; *Scholfield Gear & Pulley Co.* v. *Scholfield*, 71 id. 1.

The defendants further claim that the plaintiffs failed " to establish their case with the clearness required by the law of fraud." Assuming, as we must, that the evidence justified the finding in this case, it is somewhat difficult to see why a case of fraud is not clearly established. It is found that the defendants, with full knowledge of the actual material facts, made certain representations to the plaintiffs who, to the defendants' knowledge, were ignorant of such facts; these representations, it is found, were false, the defendants knew they were false, they made them intending to deceive the plaintiffs, and intending that the plaintiffs should rely upon them, and the plaintiffs did rely upon them to their hurt. This claim, however, really means that the evidence in the case did not justify the conclusions of fact reached respecting the existence of deceit, and it is therefore one which this court cannot properly consider upon this appeal.

The defendants next call attention to certain variances between the facts alleged in the complaint and the facts found. These are three in number.

Wilson v. Nichols.

The complaint alleges that the defendants knew that Mrs. Beecher " left an estate of the value of about $4,500." The finding is that they knew she left an estate of the value of about $2,700. This variance is of no legal significance upon this appeal. The plaintiffs were not bound to prove the precise value of the estate as alleged. This is the first claimed variance.

The complaint alleged, in effect, that the inducing cause of the assignment was the false representations alleged. The court found this to be true, but also found that though the plaintiffs believed they were the only heirs of Mrs. Beecher, they were not certain of this. The defendants now say that the doubt upon this point must have been part of the inducing cause of the assignment; but the court has not so found, and this claim is therefore not supported by the record. This is the second claimed variance.

The complaint alleged in the fifth paragraph, in substance, that the defendants represented to the plaintiffs that Mrs. Beecher had left little or no estate, that it was doubtful if there was more than enough to pay the funeral expenses, that the plaintiffs as heirs at law would realize but little if anything from the estate, more than a trifle over $300, and that there would be a great deal of trouble to get even that sum. The defendants now claim that the allegations of this paragraph are not supported by the facts found in paragraph 28 *

---

* Paragraph 28. On June 28th, 1889, Mr. Beecher came to Bridgeport and with Mr. Nichols drove to the home of Henry and Theodore Wilson; the brothers were in and sent for their sister who shortly came in. They then said to the plaintiffs that they had looked up Mrs. Beecher's estate and found there would be only about $300 after paying the funeral expenses and some little bills, and there might not be that; that they thought it would be an accommodation to plaintiffs to pay them this as they might want to use it; that the $300 would be all that would be left and might not be that; that this was all they could find, and all plaintiffs could get out of the estate; that there would be a good deal of trouble to the plaintiffs to get this, and to save them the trouble they would pay them $100 apiece and themselves wait to get it back. The plaintiffs said they would take it, and Mr. Beecher filled in the blanks in the assignment (the names of the parties, the consideration and the date), and

Wilson *v.* Nichols.

of the finding. This is the third and last variance, and it is not, we think, supported by the record.

Lastly, the defendants claimed in the trial court, that the plaintiffs by their *laches* and long delay in bringing these actions, and by using the money paid to them after learning of the alleged fraud, had ratified the assignment, and had estopped themselves from rescinding it or recovering damages in these actions; and they now assert that the trial court erred in overruling these claims. These claims proceed upon the theory that these actions are brought to have the assignment rescinded and the parties restored to their original positions, on the ground that the assignment was obtained by fraud. If this were true there would be some foundation for these claims; but it is not true. These actions are not brought for the rescission of the contract of assignment and a *restitutio in integrum*. They are simply actions to recover damages for a tort, a deceit. It is true there is an allegation in the complaint that the plaintiffs tendered to the defendants the $300 paid for the assignment, but this was unnecessary and may be regarded as surplusage; it does not alter the essential nature of the actions. One who has been induced by deceit to enter into a contract and thereby part with property, has at least two modes of redress. He may, acting seasonably, rescind the contract, and after giving or tendering back what he received under it, and so restoring or offering to restore the other party to his former position, may recover back his property; or he may elect to retain what he received under the contract, and bring suit to recover the damages occasioned by the deceit. *Gustafson* v. *Rustemeyer*, 70 Conn. 125, 135, and cases there cited; Tiffany on Sales, p. 119; Anson on Contracts (8th ed.), pp. 215, 216. In the former case he seeks to be relieved from the contract and all its consequences; in the latter he seeks merely to recover the damages occa-

---

took out of his pocket three packages of bills fresh from the bank and gave one to each of the plaintiffs, and each contained $100.

These representations which were untrue, were made for the most part by Mr. Nichols in the presence of Mr. Beecher, and he did not say anything in modification or contradiction of them.

sioned by his having been induced by deceit to enter into such a contract. In the former case his right to rescind rests upon his compliance with certain legal conditions essential to the exercise of that right; in the latter case his right to recover damages is not affected by his failure to comply with those conditions. In the case at bar the plaintiffs have elected, not to have the assignment rescinded, but to keep what they obtained under it, and to sue for the damages occasioned to them by having been induced by deceit to make it. They had the right to make this election, and to bring their suit for damages at any time within the period allowed by the statute of limitations. If the defendants have been harmed by the delay in bringing suit, it is a harm for which the law furnishes no redress, because no right of theirs was invaded by the delay. In this view of the case the trial court did not err in overruling the claims of the defendants with reference to the result of the delay in bringing suit.

There is no error.

In this opinion the other judges concurred.