DAVID S. BEACH *vs.* THE TRAVELERS INSURANCE COMPANY.

Third Judicial District, New Haven, June Term, 1900.

ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A judicial construction will not be placed upon written correspondence alone, when some of the letters refer to an oral conversation between the parties affecting the same subject-matter, the purport of which is in dispute.

It is not necessary that a party who claims his adversary had been informed of an alleged custom controlling the former's action, should prove that such notice was "clear, explicit and unequivocal:" it is enough if the jury are satisfied that he had actual notice thereof.

While a letter which is a mere narrative of past transactions and an argument based thereon, is inadmissible in favor of the writer, it may become admissible in connection with an answer to it, which denies some but not all of its statements.

The defendant claimed that it habitually declined to give warranty deeds of its foreclosed property and that this custom was known to the plaintiff, who had negotiated a sale of such property as its agent. *Held* that as tending to discredit this, the plaintiff might show that the defendant offered to give the intending purchaser a warranty deed for $2,500 more than the price agreed upon.

If the terms of a contract fail to provide for a certain contingency, resort may be had by either party to proof of a controlling custom in support of his contention. Such evidence does not tend to vary the contract, but raises a presumption that the parties had the custom in mind and dealt with reference to it.

It is not error for the court in its charge to express an opinion upon certain claims of fact urged by the parties, provided the determination of such claims is left to the jury.

Whenever the situation disclosed by the undisputed facts is such that no sensible men can disagree as to the conclusion, the question of reasonable time is one of law.

A demand for possession of purchased premises within thirty days *held*, under the circumstances, to be reasonable as a matter of law.

Argued June 5th—decided July 13th, 1900.

ACTION to recover for services as a real estate broker, brought to the Court of Common Pleas in Fairfield County and tried to the jury before *Curtis, J.;* verdict and judgment for the plaintiff of $514, and appeal by the defendant for alleged errors in the rulings and charge of the court. *Error and new trial ordered.*

It was undisputed that the plaintiff had been employed to find a purchaser for the real estate in question, and that he did find one who offered to pay an amount satisfactory to the defendant.

The plaintiff offered evidence tending to prove that this offer was unconditionally accepted by the defendant over the telephone; that the sale fell through because the defendant would give him only a quitclaim deed, whereas his customer demanded a warranty deed; and that it was the immemorial and uniform usage of real estate brokers in Bridgeport to deal with intending purchasers on the understanding that the seller would give a warranty deed, unless the latter had instructed them otherwise.

The defendant denied any acceptance by telephone, and offered evidence tending to prove that its only acceptance was by a letter of June 20th, in which it was made conditional on the conveyance being without warranty.

Certain letters were put in evidence which had passed between the parties prior to that date, relative to the offer; one before and the rest after their telephone communication, which was referred to in two of them.

*Stiles Judson, Jr.,* for the appellant (defendant).

*Daniel Davenport,* for the appellee (plaintiff).

BALDWIN, J. The trial court properly declined to instruct the jury that the letters which passed between the parties, prior to that of June 20th, did not constitute an unconditional acceptance of the offer made through the plaintiff, and that unless it was so accepted over the telephone, the plaintiff could not recover, if his customer refused to consummate the sale because the defendant would not give a warranty deed. Some of the letters and the defendant's indorsements upon them referred to the communication by telephone, and the defendant had no right to demand that they be given a judicial construction by themselves, without regard to the oral conversation. *Brown* v. *McGran,* 14 Pet. 479, 493.

The charge was erroneous in its treatment of one of the questions connected with the claim of a custom on the part of the defendant, and of all corporations of its class, to give no deeds with warranty.   The court—after stating the defendant's claim that if prior to the offer of purchase the plaintiff had, in a certain conversation, been notified by it of the existence of such a custom, this limited his right to deal with the land in question to negotiating a sale to some one willing to take a quitclaim deed—instructed the jury that such a limitation was imposed if they found that from that conversation he got "actual and clear notice" that the defendant only gave quitclaim deeds in the sales of its property.   The evidence on this point was then reviewed, and the jury were further told that they should weigh it carefully in order to determine whether or not they were able to find that the plaintiff at this time "received explicit and unequivocal notice that this company only gave a quitclaim deed in its dealings with purchasers."   This imposed upon the defendant too heavy a burden of proof.   It would have been enough, if the jury were satisfied that the plaintiff received actual notice of the custom claimed.   It was not necessary that such notice should have been also "clear, explicit, and unequivocal."

The plaintiff was properly allowed to show that after the defendant had declined to consummate the sale in accordance with the offer of the intending purchaser, by a deed with warranty, it offered to give such a deed if $2,500 were added to the price.   This had some tendency to show that there was no such custom as the defendant had claimed.

There was no error in admitting the plaintiff's letter of July 1st in connection with the defendant's answer.   His letter, which was a mere narrative of past transactions and an argument founded upon them, would have been inadmissible if offered alone.   *Smith* v. *Phipps*, 65 Conn. 302, 309; *Learned* v. *Tillotson*, 97 N. Y. 1, 12.   But the fact that the defendant replied to it, and in replying denied part but not all of what the plaintiff thus set forth, cannot be said to have had no tendency to support the claim that what it did not deny it could not deny.

To show that the custom to make no warranties was a reasonable one, in view of the nature of its business and its corporate duties, the defendant offered evidence that it was required to make an annual statement of its outstanding liabilities. This was excluded on the ground that the court took judicial notice of the nature of the business. Whether this ruling was or was not correct, the defendant lost nothing by it, as the jury were instructed that if they found such a custom on the part of the defendant to exist, the plaintiff could not recover.

It is undisputed that in the employment of the plaintiff no reference was made in terms to the nature of the conveyance to be made in case of a sale. To determine this, resort could therefore properly be had to proof of a custom, such as was claimed on the one hand by the plaintiff as obtaining among all Bridgeport brokers, to deal with intending purchasers on the footing of their being entitled to a warranty deed, or, on the other hand, by the defendant, as governing the action of itself and also of all such loaning corporations, to give only quitclaim deeds of foreclosed property. Such evidence did not tend to vary the contract, but to ascertain the meaning of the terms in which it was expressed, and apply them to their proper subject. The jury, under the charge, could have been influenced by it only if they found a custom to exist which was so ancient, well settled and uniformly acted upon, as to raise in their minds a fair presumption that the parties had dealt with knowledge of and reference to it. If they so dealt, the custom became a rule of their contract.

The defendant claimed on the trial that the customer obtained by the plaintiff imposed unreasonable conditions as to the terms and date of payment and delivery of possession, which it did not and was not legally bound to accept; and that therefore the sale was not effected. The court observed to the jury that he did not see how from any point of view they could possibly consider these unreasonable, but that this was a question of fact to be decided by them. There was no error in such an expression of opinion. *State* v. *Fetterer*, 65 Conn. 287.

It was undisputed that the terms of sale agreed on (whether conditionally or unconditionally) were for a cash payment of $7,500 and a mortgage back for $20,000; and also that the premises were then occupied by third parties. The intending purchaser subsequently offered to deposit $1,000 to bind the sale, but declined to give the remaining $6,500 or the mortgage until the tenants left and absolute possession was given, nor unless this was accomplished within thirty days, unless " a forfeit of so much a day " were paid by the defendant for any greater delay. The defendant required the conveyances to be exchanged forthwith without reference to the continued occupancy of the tenants. The jury were instructed that the customer, if a sale had been agreed on, was entitled to ask for possession within a reasonable time, and that a limit of thirty days was not unreasonable, under the circumstances. This was correct. When, as here, the situation is such that upon the undisputed facts no reasonable men could disagree as to the conclusion, the question of reasonable time becomes one of law. *Averill* v. *Hedge*, 12 Conn. 424, 436; *Williams* v. *Powell*, 101 Mass. 467, 469.

The case was properly submitted to the jury, except as to a single point; but it may be that on this the verdict turned.

There is error and a new trial is ordered.

In this opinion the other judges concurred.