GENEROSO VERDERAMA, d. b. a., *vs.* EDMUND S. SMITH, trading as HANSEN and SMITH, p. b. r.

*Assumpsit—Labor and Materials Furnished—Counter Claim—*
*Set-off—Recoupment—Evidence.*

1.   In an action of assumpsit to recover for labor and materials furnished by the plaintiffs in repairing an automobile for the defendant, *held* that there was nothing in the evidence adduced in the case that supported the counter claim made by the defendant and which would enable him to set-off or recoup his alleged claim for damages.

2.   Although work and materials was done and furnished by the plaintiffs as alleged, yet if the same were of such a character as to be of no benefit to the defendant, the plaintiffs would not be entitled to recover.

(*March* 21, 1908.)

Judges SPRUANCE and BOYCE sitting.

*Leonard E. Wales* for appellant.

*Edmund S. Hellings* for respondents.

Superior Court, New Castle County, March Term, 1908.

APPEAL from a judgement rendered by a Justice of the Peace (No. 65, November Term, 1907).

ACTION OF ASSUMPSIT to recover for labor and materials furnished by the plaintiff in repairing an automobile for the defendant.   The counts relied upon were for goods furnished and work and labor done.   Bill of particulars filed claiming $63.40. The pleas were non assumpsit, payment, statute of limitations, set-off.   Notice of recoupment filed.

BOYCE, J., charging the jury:

Gentlemen of the jury:—In this appeal from a judgment rendered by a Justice of the Peace, in this County, Peter C. Hansen and Edmund S. Smith, trading as Hansen and Smith, the plaintiffs, seek to recover from Generose Verderame, the defendant, compensation for services and materials alleged to

have been rendered and furnished by the plaintiffs in the alteration and repairs of a second-hand automobile, at the special instance and request of the defendant.

The plaintiffs claim the sum of $63.40, itemized in their bill of particulars as follows:—

| June 22, 1907 | ....19 hours | ....$11.40 |
| " 24, " | ....10 " | .... 6.00 |
| " 25, " | ....19 " | .... 11.40 |
| " 26, " | ....15 " | .... 9.00 |
| " 27, " | .... 9 " | .... 5.40 |
| " 28, " | ....13 " | .... 7.80 |
| | | ——— $51.00 |

### SUPPLIES.

| June 22, 1907 | ....One Holly.........8.00 | |
| " 27, " | ....Three Quarts Oil ... .60 | |
| " 28, " | ....Six Batteries ......1.50 | |
| " 28, " | ....One Exhaust ...... | |
| | Valve Spring .... .30 | |
| " 29, " | ....Three Pals for...... | |
| | Transmission ....2.00 | $12.40 |

TOTAL ........... $63.40

Where one is employed by another to perform work and labor and to furnish materials for him upon an agreed price, the person so employed is entitled to recover the stipulated price for the work done and materials furnished, if the work performed and the materials furnished are in accordance with the terms of the agreement. But if there was no agreement between the parties as to the compensation for the work and materials then the employee is entitled to recover for the sam such a sum as they are reasonably worth. It is not denied that the plaintiff did perform work, and did furnish materials for the defendant in the alterations and repairs of an automobile; and it is not claimed, in defense of this action, that the work performed and materials furnished have been paid for.

The defendant relies upon an alleged counter claim for damages to defeat a recovery by the plaintiffs. And counsel for the defendant has requested the Court to give you certain instructions bearing upon the said claim for damages which is predicated upon the theory that antecedent to the work done and to the furnishing of materials for the said automobile by the plaintiffs, Hansen, one of the plaintiffs, in this action, being at the time a member of the firm of Hansen and Cloud, which firm was succeeded by the plaintiffs, made a contract of sale with the defendant to furnish him with an automobile suitable for a delivery car or wagon, and that whatever work was done and materials were furnished by the plaintiffs, the same were done and furnished in the course of and under the agreement entered into originally between Hansen and the defendant.

The defendant claims that there was a breach of the said contract of sale entered into between him and Hansen, and he seeks to set off and recoup his alleged claim for damages in this action. Without reviewing the testimony bearing upon the contention urged by the defendant, we say to you that there is nothing in the evidence adduced in this case to support the contention, and we decline to charge you as requested.

In this action you are to determine whether the whole or any part of the work and materials were done and furnished by the plaintiffs as alleged, and, in the absence of proof as to an agreed price for the same, what, if anything, the said work and materials were reasonably worth.

If you find from the evidence that work and materials were done and furnished by the plaintiffs as alleged, yet if the same were of such a character as to be of no benefit to the defendant, the plaintiffs should not recover.

If you find from the weight or preponderance of the evidence, that the plaintiffs did perform the work and furnish materials, for the defendant, as alleged, then your verdict should be for the plaintiffs for such a sum as you may find them to have been reasonably worth.

Verdict for plaintiffs for $63.40.