MARIA S. BITONDI *vs.* MORRIS S. SHEKETOFF ET AL.

First Judicial District, Hartford, October Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

One who is defrauded in an exchange of real estate may, on discovering the fraud, rescind the contract, tender back the premises he has received, and demand a return of his own property, or he may affirm the contract and sue for the damages caused by the fraud; but he cannot avail himself of each remedy in part.

In the present case the plaintiff, who owned real estate in Hartford, the equity of which was worth $6,500, exchanged it for New York realty, the equity in which was represented as worth $10,000, giving her note, secured by mortgage, to the defendant Sheketoff for $3,500, to make up the supposed difference. This exchange was induced by the false and fraudulent representations of the defendants as to the value of the New York property, which was actually worth at least $5,000 less than it was represented, and by the assertion of the defendant Sheketoff that he had already arranged for a loan of $7,000 upon the New York property, upon the security of a second mortgage, and that by this means the plaintiff could raise $7,000 in cash, as she greatly desired to do. In a suit by the plaintiff to secure a return of the $3,500 note and the annulment of its mortgage security, and also for damages, it was *held:*—

1. That the transaction was single and indivisible and that inasmuch as the plaintiff had not disaffirmed the contract and offered to return the New York property, the only remedy now available to her was a judgment for money damages.

Bitondi *v.* Sheketoff.

2. That the measure of such damages was $5,000, that being the difference between the actual value of the New York property and its value as fraudulently represented by the defendants.

Facts which the trial court has become cognizant of during a previous trial are not to be considered by it in reaching its decision; but their consideration becomes harmless if the issue to which they relate is clearly established by uncontradicted testimony.

The plaintiff testified that during a talk between the parties one of the defendants, Levine, said that the New York property had been appraised at $30,000. At the conclusion of her testimony touching this interview, the defendants moved to strike out the evidence as to the appraisal, but the court refused to grant the motion. *Held* that the objection came too late, and that the trial court properly exercised its discretion in declining to strike out this statement; especially as it appeared from the finding that Levine and Kanefski were in collusion with Sheketoff, who knew and approved of all of their representations.

The order in which evidence of representations of defendants in collusion with each other shall be received, is within the discretion of the trial court.

Submitted on briefs October 3d—decided December 19th, 1916.

ACTION to secure the return of a note for $3,500 made by the plaintiff to one of the defendants, and the release or annulment of a mortgage given to secure its payment,—both of which were alleged to have been obtained by the fraudulent representations of the defendants,—and also for the recovery of damages, brought to and tried by the Superior Court in Hartford County, *Tuttle, J.;* facts found and judgment rendered for the plaintiff awarding the equitable relief prayed for and $1,590 damages against the defendant Morris S. Sheketoff, from which the defendants appealed. *Error; judgment to be entered for plaintiff for $5,000 damages.*

*William M. Maltbie* and *Saul Berman,* for the appellants (defendants).

*John J. McKone,* for the appellee (plaintiff).

WHEELER, J. It appears from the finding that the plaintiff was greatly in need of cash with which to meet her pressing obligations, and to relieve herself of this financial stress she, in the expectation of securing $7,000 of cash, effected an exchange of her premises in Hartford for certain premises of the defendant Sheketoff in New York City. The exchange was effected upon the basis that the plaintiff's premises should be valued at $38,500, upon which were mortgages of $32,000, and Sheketoff's premises at the valuation as represented by him of $22,000, upon which were mortgages of $12,000. The plaintiff's premises were then worth the $38,500, while Sheketoff's were worth $17,000. Upon the valuations fixed in this exchange there was an equity in the plaintiff's premises of $6,500, and in Sheketoff's premises of $10,000. The parties agreed that the difference in these equities should be adjusted by the plaintiff giving Sheketoff a note secured by mortgage upon other property of plaintiff.

This exchange and the delivery of the note and mortgage were induced by the representations of Sheketoff that he had arranged for a second mortgage of $7,000 upon the New York property by which the plaintiff could obtain $7,000 in cash. At the time of his representations Sheketoff had not arranged for any such mortgage and had no present intention of securing the same. Though repeatedly requested to carry out his representations as to the $7,000 mortgage and note, Sheketoff failed to carry them out and finally refused so to do. These representations were made to induce the plaintiff to make the exchange, and she did rely upon them and was induced thereby to make the exchange.

As we understand the finding, the fraudulent representations relied on do not concern the representations

as to the valuation of the New York property, but as to the procurement of the $7,000 note and mortgage by which the plaintiff could obtain $7,000 in cash.

Every element essential in an action for fraudulent representations as to the $7,000 mortgage and note is present in the finding. *Sallies* v. *Johnson*, 85 Conn. 77, 80, 81 Atl. 974; *Bradley* v. *Oviatt*, 86 Conn. 63, 67, 84 Atl. 321. Nor do the defendants contest this save in one particular. They argue that as the plaintiff managed to meet her outstanding obligations she suffered no loss from the failure to secure the $7,000 in cash. This neglects consideration of the fact that she was induced to enter into an exchange by which she received property worth $5,000 less than it was represented to her through these fraudulent representations as to the $7,000 mortgage. She suffered this loss as the direct result of Sheketoff's fraudulent representations. The fact that she found some other way to pay her debts than with the $7,000 she was to obtain through Sheketoff, does not make it any less true that through his fraud she received property worth $5,000 less than the price she paid for it.

Error is predicated upon the judgment decreeing that the $3,500 mortgage given in the exchange is void, and that the defendants shall release the same and deliver up the note secured by the mortgage.

The giving of this note and mortgage was a part of the transaction of exchange. Two remedies were open to the plaintiff upon her discovery of Sheketoff's fraud, to disaffirm the transaction and return or offer to return the property secured in the exchange and then recover what she had parted with, or to affirm the transaction and recover the damages suffered by the fraud. She must, as a condition precedent to her recovery of what she has parted with, restore or offer to restore Sheketoff to his former condition as nearly as

possible. *Lowe* v. *Hendrick,* 86 Conn. 481, 484, 85 Atl. 795; *Wilson* v. *Nichols,* 72 Conn. 173, 180, 43 Atl. 1052; *Robert* v. *Finberg,* 85 Conn. 557, 564, 84 Atl. 336. The finding does not recite that the plaintiff ever offered to return the New York property or demanded back the property she had given in the exchange. It does recite that before the action she had disposed of the New York property "in some manner not disclosed in the evidence." The plaintiff could not affirm the transaction as to the New York and Hartford properties and disaffirm it as to the $3,500 note and mortgage. They were all part of one entire transaction.

The plaintiff was entitled to a money judgment for the $5,000 loss suffered, and to no more. It is urged that the plaintiff might fail to realize upon her money judgment. If so, that is upon the facts of record due to her neglect to secure the $3,500 note and mortgage to the payment of her claim, or in having neglected to allege or prove an equitable case for the cancellation of the note and mortgage.

The criticism that the court considered facts of which it had become cognizant in another trial and not in this trial, seems to be supported by the memorandum of decision. But these facts relate to the issue of the value of the New York property, and as to that there was no contradictory testimony. So that this matter neither affected the issue of the fraudulent statements relied on, nor the question of damages, for that depended upon the difference in value of the New York property as represented and in fact.

As to the ruling on evidence: When the plaintiff and Levine and Sheketoff were present, plaintiff testified Levine said the New York property had been appraised at $30,000. This occurred as one statement of an interview; and at its conclusion the defendants

moved to strike out the evidence as to the appraisal. The court declined to do this, and we think properly exercised its discretion. The objection came too late.

Levine and Kanefski first brought the subject of an exchange to the attention of the plaintiff. After the representations of Sheketoff to the plaintiff had been testified to, similar representations were testified to as having been made by Levine. The finding is that Sheketoff was in collusion with Kanefski and Levine, and all of the representations made by them were made with his knowledge and approval. Upon familiar principles the representations of Levine were admissible, and the order of their admission was within the discretion of the court.

The other objections to evidence are without merit.

Errors based upon the refusal to find facts, and upon the findings of facts made, are either not tenable or too immaterial to justify correction.

There is error in part, the judgment is reversed and set aside as to the $3,500 mortgage and note, and the Superior Court is directed to enter judgment in favor of plaintiff to recover $5,000 with interest from January 30th, 1914, damages in place of the $1,590 damages.

In this opinion the other judges concurred.