[No. 17643.    Department Two.    May 10, 1923.]

ANDREW McPHEE, *Appellant*, v. TENNANT & MILES,
*Respondent.*[1]

FRAUD (11-1)—ACTIONS—DEFENSES—LACHES AS A DEFENSE. Laches
is not a defense to an action for damages on the ground of fraud;
Rem. Comp. Stat., § 273, providing that defendant may set forth by
answer as many defenses as he may have, whether legal or equitable,
having no application.

ESTOPPEL (21)—EQUITABLE ESTOPPEL—ACTS DONE, AND CHANGE OF
POSITION. Delay or laches in starting an action for damages can-
not be pleaded as an estoppel where plaintiff did not do anything
by way of admission or conduct that misled the defendant.

Appeal from a judgment of the superior court for
Yakima county, Holden, J., entered October 6, 1922,
in favor of the defendant, upon withdrawing the case
from the jury at the close of the evidence, dismissing
an action for fraud. Reversed.

*Williamson & Luhman,* for appellant.
*Parker, LaBerge & Parker,* for respondent.

MAIN, C. J.—The plaintiff, claiming that he had been
defrauded in a real estate transaction, brought this
action to recover damages therefor. The defendant
denied the charge of fraud and pleaded laches as an
affirmative defense. The case was tried to the court
and a jury, and at the conclusion of the evidence, upon
the motion of the defendant and over the objection of
the plaintiff, the court took the case from the jury and
entered a judgment in favor of the defendant. From
this judgment, the plaintiff appeals.

The facts, as alleged in the complaint and as sup-
ported by the evidence offered on behalf of the appel-
lant, are in substance as follows: In the early part of

[1] Reported in 215 Pac. 16.

May, 1909, the appellant entered into negotiations with the respondent, a corporation, for the purchase of a tract of farm land, and was shown a certain ten-acre tract which he agreed to purchase, and did thereafter purchase, for the sum of $1,000. The land which was deeded to him was not the tract which he had been shown by the agent of the respondent and which he had agreed to purchase. Only a small portion of the land deeded was irrigable, while the entire ten-acre tract shown him was irrigable. Both tracts were then in sagebrush. The appellant intended at some future period to farm the land, and arrived in Yakima in the month of March, 1921, for the purpose of establishing his home thereon; and on March 15, 1921, first discovered the fact that he had received a deed for a different piece of property than that actually shown to him. Soon thereafter he began the present action, seeking damages in the sum of $800. As above stated, the respondent attempted to defend the action on the ground of laches, and seeks to justify the judgment of the trial court on the theory that, since laches is an equitable defense, the pleading of that defense changed the appellant's action, which was one at law, to one governed by the principles of equity.

The controlling question is whether laches can be pleaded as a defense to an action for damages on the ground of fraud. Our attention is called to § 273, Rem. Comp. Stat. [P. C. § 8352], which provides that the defendant may set forth by answer as many defenses as he may have, whether they be such as have "heretofore been denominated legal or equitable, or both." This statute undoubtedly means that a defendant may set forth any matter in his answer, whether it be legal or equitable in its nature, which is a defense to the cause of action stated in the complaint.

It does not mean that the defendant may plead in his answer anything that he sees fit, whether in law or in equity it be a defense to the action or not.    The rule, supported by an unbroken line of authorities so far as we are advised, is that laches is not a defense to an action at law for damages on the ground of fraud. *Wehrman v. Conklin*, 155 U. S. 314; *Flesner v. Cooper*, 62 Okl. 263, 162 Pac. 1112; *Waits v. Moore*, 89 Ark. 19, 115 S. W. 931; *Wilson v. Nichols*, 72 Conn. 173, 43 Atl. 1052.

Other cases might be cited to the same effect, but it is unnecessary here to further multiply authorities. No case has been called to our attention which will sustain a defense of laches in a case of this kind.    It must be remembered that the defense here is not the statute of limitations.    The appellant's complaint alleges, and his evidence shows, that he brought the action soon after he discovered the fraud, when the statute of limitations would begin to run.    If the matter pleaded in the answer be considered as estoppel *in pais,* the result must be the same, because before a party can be so estopped he must, by his admissions, declarations or conduct, have misled another to his prejudice.    There is no evidence in this case that the appellant had done anything by way of admissions, declarations or conduct which had misled the respondent.    It is true that he had not discovered the fraud for a number of years, but in this there was no misleading.

The judgment will be reversed, and the cause remanded with direction to the superior court to grant a new trial.

FULLERTON, TOLMAN, MITCHELL, and PEMBERTON, JJ., concur.