ABRAHAM GOLDBERG *vs.* ANTHONY KRAYESKE ET ALS.

Third Judicial District, New Haven, January Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

One who has been induced to purchase real estate by the fraudulent representations of the seller may have the transaction set aside and be restored to his original position, provided he has promptly invoked this equitable remedy upon the discovery of the wrong and has not indicated by his conduct an intent to confirm the transaction and seek his redress by a claim for damages at law.

Ordinarily the question whether there has been a waiver of the right to equitable relief is one of fact and the finding of the trial

court thereon is conclusive; but where, as in the present case, the subordinate facts can lead reasonably but to one conclusion, the question is one of law and reviewable by this court.

Ignorance and stupidity should be given some weight in favor of a party against whom a waiver is claimed, but cannot avail him where his conduct is fairly attributable to his own negligence or his failure to make reasonable use of the information at his command.

It is a condition precedent to the equitable right of rescission that the party claiming the relief shall not, by his own acts, have rendered himself unable to restore his adversary fully and unconditionally *in statu quo*.

A judgment-file, whenever prepared, relates back to the time of judgment, which is ordinarily the date of filing the memorandum of decision, and, if the two documents are in substantial accord, there is no basis for the claim that the judgment-file represents a different and later judgment.

A judgment-file may be signed by the trial judge after he has ceased to hold office.

A judgment requiring the performance of positive acts, such as the execution of deeds or other instruments, should state precisely and definitely what must be done by the parties.

Argued January 27th—decided March 6th, 1925.

SUIT to foreclose a mortgage, brought to and tried by the District Court of Waterbury, *Peasley, J.;* facts found and judgment rendered for defendant Anthony Krayeske upon the complaint and also upon this defendant's cross-complaint, from which the plaintiff appealed. *Error and new trial ordered.*

*Walter F. Torrance* and *Andrew D. Dawson,* for the appellant (plaintiff).

*William K. Lawlor,* with whom was *Earle Carey,* and, on the brief, *Clayton L. Klein,* for the appellee (defendant Anthony Krayeske).

MALTBIE, J. The defendant Krayeske was induced to purchase the property which the plaintiff is seeking to foreclose, by the latter's fraudulent misrepresenta-

tions as to the rentals secured from it. He therefore had the right, within the limitations set by law, to have the transaction set aside and to be restored to his original position. *Bitondi* v. *Sheketoff,* 91 Conn. 123, 99 Atl. 505; *Wilson* v. *Nichols,* 72 Conn. 173, 180, 43 Atl. 1052. One of these limitations is that he must act promptly on discovery of the fraud, else he will be deemed to have waived his right to equitable relief; *Barnes* v. *Starr,* 64 Conn. 136, 157, 28 Atl. 980; and another is that the law will imply a similar waiver from such acts on his part after the discovery of the fraud as show an intent to let the transaction stand and look for his redress to a claim for damages at law. *Water Commissioners* v. *Robbins,* 82 Conn. 623, 642, 74 Atl. 938; *Palmer* v. *Frost,* 86 Conn. 100, 109, 84 Atl. 277; *Tompkins, Inc.* v. *Bridgeport,* 100 Conn. 147, 155, 123 Atl. 135.

The property was conveyed to Krayeske January 3d, 1922, in consideration of a substantial cash payment made by him, the assumption of a bank mortgage, payable in semiannual instalments, and the execution to the plaintiff of the mortgage now in suit, which was made payable in quarterly instalments. Krayeske immediately went into possession of the property, occupied a portion himself for commercial purposes, and began to collect the rents. As soon as he found that the rentals were not as represented to him by the plaintiff, he informed the plaintiff of this, and the plaintiff replied that he, Krayeske, owned the property and could charge what he liked. Krayeske paid two quarterly instalments upon the plaintiff's mortgage. When the first instalment upon the bank mortgage became due, the plaintiff and Krayeske went to the bank, the plaintiff paid it, and Krayeske then executed to him a promissory note for its amount, $425, believing the instrument to be a

receipt.  On September 1st, 1922, Krayeske transferred the property to the defendant Hagen, in exchange for a farm, taking back a mortgage on the property in the sum of $2,200.  Hagen, on September 6th, 1922, made an agreement with the defendant Schiller to transfer the property to him on the next day; on September 7th, 1922, this agreement was duly recorded upon the land records; and on September 12th, 1922, the agreement not having been carried out, Schiller brought suit against Hagen for breach of this contract, and attached the property for the sum of $5,000.  No instalments upon the mortgage held by the plaintiff having been paid after the two already mentioned, he brought this action to foreclose it, returnable to the first Tuesday of November, 1922.  On November 24th, 1922, a decree of strict foreclosure was entered, but before the time limited for redemption had expired, Krayeske, having consulted other counsel, moved to have the decree opened, which was done. He then, on January 23d, 1923, filed a cross-complaint, setting up fraud in the transfer of the property to him, and claiming $10,000 damages, a cancellation of the mortgage in suit and of the note for $425 executed by him to the plaintiff, and a restoration of the parties *in statu quo.*  Thereafter he placed on record a release of the mortgage on the property executed by Hagen, a deed of it from Hagen to his, Krayeske's, attorney, and another from the attorney to the plaintiff, and a release of the attachment made by Schiller, but none of these instruments were delivered to or accepted by the plaintiff.

The trial court finds that Krayeske was an ignorant, illiterate Pole, with but little knowledge of the English language, and that he did not know of his rights or of the action which he might take to retrieve the wrong done him until the latter part of December, 1922,

and that thereafter he used diligence. But he did know that he had been defrauded immediately after he took possession of the property and did appreciate the fact that he could seek advice of counsel in case of difficulty, as appears from his having taken that step when demand was made upon him for the payment of the note for $425 which he gave to the plaintiff. In determining whether there has been a waiver of a right to equitable relief by delay in seeking it or by the conduct of the injured party, allowance must no doubt in a proper case be made for a failure to appreciate rights which results from ignorance and stupidity. *Hale* v. *Hale,* 62 W. Va. 609, 59 S. E. 1056, 14 L. R. A. (N. S.) 221. But "while it is true that ignorance of one's rights will frequently serve as an excuse in a court of equity for not bringing a suit to enforce them, yet it will never have that effect where such ignorance is fairly attributable to negligence, or to a party's failure to make such inquiries with respect to his rights as, with the information at his command, he ought to have made." *Wetzel* v. *Minnesota Railway Transfer Co.,* 12 C. C. A. 490, 495, 496, 65 Fed. 23. "The interests of public order and tranquillity demand that parties shall acquaint themselves with their rights within a reasonable time, and although this time may be extended by their actual ignorance, or want of means, it is by no means illimitable." *S. C.,* 169 U. S. 237, 241, 18 Sup. Ct. 307. Undoubtedly the question whether one who claims to have been defrauded has by his delay in asserting his rights or by his conduct waived his right to equitable relief is ordinarily one of fact; *Fox* v. *Tabel,* 66 Conn. 397, 400, 34 Atl. 101; *Robert* v. *Finberg,* 85 Conn. 557, 564, 84 Atl. 366; *Stacy* v. *Brothers,* 93 Conn. 690, 696, 107 Atl. 613; but where the facts all point so clearly to a conclusion that they afford no room for reasonable dis-

agreement, it becomes one of law. *Beach* v. *Travelers Ins. Co.,* 73 Conn. 118, 122, 46 Atl. 867; *Kornblau* v. *McDermant,* 90 Conn. 624, 631, 98 Atl. 587; *Grippo* v. *Davis,* 92 Conn. 693, 696, 104 Atl. 165. In this case we deem it so clear that Krayeske has lost his right to equitable relief on account of the fraud in the sale of the property that we can but regard the judgment as erroneous in granting it.

We must hold, too, that the learned trial judge failed to give due weight to another aspect of the case. While Hagen held title to the property, he entered into a written agreement to convey it to Schiller and this agreement was duly recorded. Hagen failed to perform and Schiller brought suit, attaching the property. That attachment has been released, but among the various papers designed to restore the property to the plaintiff which were procured by Krayeske and placed upon the record, no surrender of rights under his agreement appears, nor is it even found that the action has been withdrawn, so it must be assumed that Schiller's rights are still outstanding. It follows that Krayeske could not put the plaintiff into the situation in which he stood when he transferred the property, but could only restore title subject to any rights in it held by Schiller under the agreement. For that Krayeske is to blame because it was his own act in conveying to Hagen which has brought it about. In such a situation equity will not decree a rescission of the agreement. *Bitondi* v. *Sheketoff, supra,* p. 126; 2 Black, Rescission & Cancellation, §§ 618, 620.

In the interest of orderly procedure we ought also to call attention to the judgment in the case. On April 24th, 1923, the trial judge filed a memorandum of decision dated the previous day. In this he found that the transfer of the property had been induced by fraud, and ordered that judgment be entered in

favor of Krayeske upon the counterclaim, "setting aside the deeds and restoring the parties as nearly as may be to their original positions"; computed the amount with which the plaintiff ought to be charged in view of the payments made by and rentals coming to Krayeske; and concluded: "Krayeske will, without delay, file with the clerk of this court for the plaintiff, such deeds and releases as are necessary to restore to the plaintiff the title to the property in the same condition as to encumbrances that it was when conveyed by the plaintiff to Krayeske." There the matter rested until September 13th, 1924, when the trial judge signed a judgment-file, dated April 23d, 1923, which substantially followed the terms of the memorandum of decision in its directions to Krayeske, and, upon his taking the required steps, adjudged that he recover the amount computed to be due him. Ordinarily a memorandum of decision is the judgment of the court and the subsequent clerical action in writing out the judgment-file, no matter how long it may be postponed, will relate back to the time that memorandum was filed. *Sisk* v. *Meagher*, 82 Conn. 376, 75 Atl. 785; *Goldreyer* v. *Cronan*, 76 Conn. 113, 55 Atl. 594; *Bulkeley's Appeal*, 76 Conn. 454, 57 Atl. 112. The judgment-file in this instance is in substantial accord in all respects with the memorandum of decision, and could not be regarded as the rendering of a different and later judgment. *Brown* v. *Clark*, 81 Conn. 562, 569, 71 Atl. 727. The fact that it was not signed until after the judge who tried the case had ceased to hold office is not of consequence. *Todd* v. *Bradley*, 97 Conn. 563, 117 Atl. 808. The judgment is, however, sadly defective in its failure to give specific directions as to the steps which it is necessary for Krayeske to take in order to entitle himself to relief and its neglect to order the cancellation of the mortgage here in

suit when those steps have been taken. A judgment of the nature of the one here attempted should be so precise and definite in its terms that the parties may clearly understand what acts are to be done by them on the one side and the other, and how their rights are determined. *Finberg* v. *Robert, supra,* page 564; *Deming* v. *Bradstreet,* 85 Conn. 650, 659, 84 Atl. 116. The judgment is also defective in that it makes no adjudication with reference to the defendants other than Krayeske.

The finding is sufficient to present the questions we have discussed; the judgment and the appeal are alike silent as to the note for $425 made by Krayeske to the plaintiff, and it could not in any event be determined on this record whether Krayeske is entitled to relief on that account; the motion to correct the finding may therefore be disregarded.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.