CHANEZ SCHIA v. RICHARD MAROON

SUPERIOR COURT      LITCHFIELD COUNTY      FILE No. 11380

Memorandum filed June 12, 1946.

*James F. Hogan*, of Torrington, for the Plaintiff.

*John Casale*, of Torrington, for the Defendant.

McLAUGHLIN, J. The plaintiff conservatrix is the daughter of Chanez Schia, an incompetent, who was committed to the Fairfield State Hospital on June 17, 1942, and has been an inmate of said institution ever since. The said Chanez Schia will hereinafter be referred to as the plaintiff.

The plaintiff and her brother, the defendant, Richard Maroon, came to this country from Syria, their native land, in 1914 and took up an abode in Torrington, Connecticut. Shortly thereafter the plaintiff married a fellow countryman, George Schia, since deceased, and the defendant lived most of the earlier period with the married couple. On October 22, 1917, the plaintiff and her husband with their joint savings purchased the property on Winthrop Street in the city of Torrington referred to in paragraph one of the plaintiff's complaint. The legal title was taken in the name of the husband, George Schia. No money of the defendant's was advanced or used in the purchase of the home.

The defendant is a domineering and arrogant individual, and from 1914 to June, 1942, while in her presence he dominated and influenced the plaintiff to such a degree that he was able to enforce his will and desire upon her. The plaintiff developed some form of mental illness which manifested itself in hallucinations and delusions. She developed a fear that someone would steal the home away from her husband, and this phobia, nurtured and aggravated by defendant, finally resulted in his prevailing upon the plaintiff to get the legal title of the home away from her husband. This scheme was successful and on January 23, 1928, the husband, George Schia, conveyed to his wife by quitclaim deed an undivided one-half interest in the home, and later on October 19, 1929, by warranty deed, he conveyed the other one-half interest to her. The plaintiff, after receiving title to the property, commenced to suffer mental fear and delusions that someone would steal the home away from her. This fear the defendant helped to aggravate and finally, on January 29, 1931, the defendant through undue influence fraudulently obtained title from the plaintiff by warranty deed on the representation that he would keep the property safe for the plaintiff and return the premises to her later on when she desired a reconveyance. The defendant intended to keep and appropriate

the property for himself and never intended to reconvey to the plaintiff, and ever since said date the defendant has held the legal title to the property and has refused to return the property to the plaintiff or her legal representative. The defendant's testimony as to how he obtained title to the property is not worthy of credence.

A trust was created in favor of the plaintiff from the time the defendant obtained legal title, as it is deducible from the transaction as a matter of intent, and the procurement of the deed by the defendant by the exercise of undue influence and fraud involves equitable issues subject to equitable relief. *Purdy v. Watts,* 91 Conn. 214.

The special defense of laches by the defendant is not available to him, as the plaintiff was always under his domination and influence and her children were young and immature and frequently misled by the defendant, who promised to reconvey title to the plaintiff. *Goldberg v. Krayeske,* 102 Conn. 137.

Judgment is directed in favor of the plaintiff conservatrix and the defendant is ordered on or before Monday, July 1, 1946, to convey by warranty deed to the plaintiff conservatrix, Anne Schia, as conservatrix of the estate of Chanez Schia, the identical property as described in the warranty deed from Chanez Schia to Richard Maroon dated January 29, 1931, and recorded in the land records of the city of Torrington, volume 112, page 299, more specifically referred to as plaintiff's exhibit C, and the defendant is further ordered and directed to make an accounting whereupon a supplemental judgment may enter for any, if any, sum found due to the plaintiff conservatrix for the benefit of the plaintiff.

Judgment may enter accordingly.