SAMUEL C. THORNTON, appellant.

v.

ELLEN E. OGDEN, respondent,

On appeal from a decree, on exceptions to a master's report, advised by Vice-Chancellor Van Fleet, whose conclusions follow:

I cannot assent to the construction which the defendant's counsel put upon the decree. They say that, by its true construction, the complainant is to be charged with one-half of the cost of such improvements as have added to the permanent value of the property, without regard to the amount which they have added to its permanent value; that is to say, for an improvement which cost $500, but which added only $100 to the permanent value of the property, the complainant must be charged, not $50, but $250. Such a construction, in my judgment, is utterly inadmissible. It would make the decree an instrument of injustice, and compel the complainant to pay for something she had never had; to yield her money without an equivalent; in truth, to make a donation to the defendant. Depriving a citizen of his property against his will, and without giving him an equivalent, is so contrary to natural justice that it was thought necessary, by the framers of the constitution, to give the citizen the protection of a constitutional safeguard against its being done, even in behalf of the public. Private property cannot be taken, even for public use, without compensation. According to my construction of the decree, the complainant is only required to contribute to such improvements as have added to the permanent value of the property, and her contribution in respect to them need only be to the extent that they actually increased the permanent value of her moiety. So that, following the illustration already given, if it appears that an improvement was made at a cost of $500, but which, in fact, only added $100 to the perma-

nent value of the property, all that the complainant should be charged with, in respect to such improvement, is $50.

I agree with the master in his conclusion as to the clear rental value of the property, but not in his conclusion that the defendant is entitled to nothing for lasting or permanent improvements. The evidence respecting the addition made to the permanent value of the property by the improvements is very meagre and extremely unsatisfactory. There is no evidence at all tending to show what was the fair market value of the property before the improvements were made, and what was its fair market value at the date of the reference; nor are any other means furnished by which it may be determined whether the present value of the property is greater than it was before the improvements were made. But some of the improvements were manifestly indispensable to the property, and must necessarily have increased its permanent value. In estimating this increase it is impossible, in the present condition of the proofs, to do more than reach a probable or proximate result. Anything like a certain and definite result is out of the question. The conclusion I have reached, after much consideration, is that the defendant should be allowed $1,000 for the increased value which his improvements have added to the complainant's moiety, and that $700 of this sum should be allowed as of January 1st, 1864, and the balance, $300, as of January 1st, 1876.

Crediting the defendant with these allowances, the balance remaining due to the complainant on the 7th of May, 1881, without interest, was $1,894.20.

The decree does not direct the allowance of interest to the complainant, but does expressly direct its allowance to the defendant. In this respect it follows the precise language of the decree of the court of errors and appeals [*5 Stew. Eq. 723*], where the decree directs rests, but is silent as to interest. The rule seems to be that the master is not to compute interest, but it is understood that the question whether interest shall be allowed or not is reserved by the court for further consideration. *Hoffman's Master in Chancery 88.* The defendant is a trustee. He became so *mala fides.* The general doctrine is that trustees are bound to

Taxpayers Protective Association *v.* Kirkpatrick.

take the same care of the trust property that a discreet and prudent man would take of his own property; to manage it for the exclusive benefit of the *cestui que trust,* and to make no profit or advantage out of it for themselves. *Boynton* v. *Dyer, 18 Pick. 1; Perry on Trusts § 468.*

Under this rule it would seem to be clear that the defendant must account for interest, unless it appears that the court of errors and appeals meant to absolve him from a liability which trustees are ordinarily required to bear.

*Mr. Samuel K. Robbins,* for appellant.

*Mr. J. A. Fay, Jr.,* and *Mr. S. H. Grey,* for respondent.

PER CURIAM.

This decree unanimously affirmed for the reasons given by the vice-chancellor.