CORNELIA R. KROEHL, by AGNES C. C. SIEGHORTNER, as next friend,

*v.*

ELIZABETH H. TAYLOR.

[Decided July 11th, 1905.]

1. A bill may be filed by a next friend on behalf of a lunatic not so found on an inquisition, upon an order of the chancellor made upon affidavits showing the complainant's incompetency.

2. Upon such a bill filed under an order of the chancellor, a motion was made to strike the bill from the files, supported by proof of complainant's competency, and of her desire that the disposition of property attacked by the bill should stand.—*Held*, that upon such conflicting affidavits, the chancellor would either examine the complainant as to her intelligent desire to withdraw the bill, or would select a judicious master to make such examination.

On motion to take a bill from the files.

*Mr. Frank Durand,* for the motion.

*Mr. Edwin R. Walker, contra.*

MAGIE, CHANCELLOR.

This motion was founded upon a petition of Cornelia R. Kroehl, the complainant, and accompanying affidavits, and on the hearing rebutting affidavits were presented in behalf of the next friend.

The bill was permitted to be filed by Mrs. Sieghortner, who is a daughter of complainant, as next friend, by my order. This course was adopted upon affidavits respecting the incapacity of the complainant, arising from mental disease, and it was in accord with the doctrine established in this court in *Collins* v. *Toppin, 63 N. J. Eq. (18 Dick.) 381,* to the effect that an action by leave of the court may be maintained in this court by

a next friend in behalf of a lunatic, who has not been so found upon inquisition. That decision was affirmed by the court of errors and appeals. *S. C., 66 N. J. Eq.* (*21 Dick.*) *430.*

The motion to strike out has been properly made under the doctrine stated in the same case, viz., that upon such motion the propriety of the original order for leave to file the bill may be drawn in question.

The bill when filed disclosed that its purpose was to declare void a deed of conveyance of land of considerable value, made by the complainant to Elizabeth H. Taylor, without any consideration and without any reservation to the complainant of a life interest therein, or any power of revocation, and also a very broad power of attorney given by the complainant to Dr. Taylor, the husband of Elizabeth H. Taylor, under which complete power to sell and dispose of all the property of complainant, real and personal, was conferred, without any provision respecting the investment of the proceeds or any security for their proper disposition.

The charge was that both these instruments were obtained from the complainant when she was incapable of executing them intelligently, and were procured by undue influence exerted by Mrs. Taylor and Dr. Taylor.

Upon the affidavits presented upon this motion the great weight of evidence is that at the time these instruments were executed the complainant was incapacitated from intelligently making them.

Upon the petition and the accompanying affidavits the present capacity of the complainant is asserted. An affidavit in support of her petition is presented by her, in which, however, she not only asserts her present capacity, but insists that she was capable of making the disposition of her property complained of at the time they were made, and expresses her desire that they should remain undisturbed. Affidavits of her physicians and of other persons tend to support her claim of present capacity. It is observable that no affidavit has been made by either Dr. or Mrs. Taylor.

This leaves the matter in a position in which I find difficulty in determining the proper course to be taken.

If complainant is now possessed of complete capacity, and intelligently desires to preserve the gift she has made to Mrs. Taylor of valuable real estate, and to endow Dr. Taylor with the very extensive powers conferred upon him by her power of attorney—if she intelligently desires that course, I think I should be obliged to direct the bill to be taken from the files, for she has an undoubted right to dispose of her own property according to her own desires, if capable of expressing them. But the proof of her previous incapacity is so strong and persuasive that I am unwilling to make an immediate order to that effect. The case as presented is not unlike cases that arise upon a return of an inquisition in lunacy proceedings where the evidence is shown to the chancellor to be conflicting, though its weight is in favor of the return, and in which the rule is that the alleged lunatic may have an issue framed to determine her lunacy before a court and jury, if the lunatic appears to intelligently desire it. The chancellor, in such cases, may require the production of the party before him, or before a master selected by him, to ascertain whether there is an intelligent desire to contest the finding in the return.

In the course of the argument it was suggested that under the circumstances of the present case the chancellor might require the complainant to be brought before him and examined as to her intelligent desire to withdraw the bill filed in her behalf, or if that is not practicable, that the chancellor should select a judicious master to examine the complainant, and report as to her intelligence and desires.

Upon reflection, I have concluded to adopt that course, and such a master will be selected.