[No. 9262.    Department Two.    August 1, 1911.]

## O. A. PATTISON, *Respondent*, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant*.[1]

APPEAL—DECISION—LAW OF THE CASE. The decision of the supreme court becomes the law of the case upon a retrial, where all the material questions were raised on the first trial.

DAMAGES—OFFSETS — EXPENDITURES IN TREATMENT — CONTRACT—CONSIDERATION—AVOIDANCE OF RELEASE. Where a release of damages was given to defendant in consideration of an agreement to pay the expense of plaintiff's treatment until he was cured, and plaintiff's injury proves to be permanent and incurable, in an action to recover damages, the defendant cannot offset the sums it had paid out for treatment under its contract to pay for the treatment.

Appeal from a judgment of the superior court for King county, Gay, J., entered August 2, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger in a collision of street cars.    Affirmed.

*Morris B. Sachs*, for appellant.

*Robert A. Devers* and *Milo A. Root*, for respondent.

DUNBAR, C. J.—On the 5th day of August, 1906, while plaintiff was upon one of defendant's cars proceeding from Columbia station southerly to Rainier Beach, at or near Dunlap station, the car upon which plaintiff was, collided with another car upon defendant's railway line, and plaintiff was injured.    This action was brought by plaintiff to recover damages alleged to have been sustained by him, in the sum of $5,000, less the sum of $600 acknowledged to have been paid to plaintiff by the defendant.    Defendant by answer alleged affirmatively, that on the 3d day of October, 1906, and prior to the commencement of this action, plaintiff

[1]Reported in 116 Pac. 1089.

made, executed, and delivered to defendant a release, in words and figures following, to wit:

"Know all men by these presents: That O. A. Pattison, of Columbia, in the county of King, and state of Washington, in consideration of the sum of six hundred dollars and treatment till cured of this trouble by C. L. Norbom, medical gymnast, to him paid by Seattle, Renton & Southern Ry. Co., a corporation, duly organized under the laws of the state of Washington, the receipt whereof is hereby acknowledged, do release, acquit and forever discharge the said Seattle, Renton & Southern Ry. Co. of and from all claims and demands, actions and causes of action whatever, for damages, costs, loss of service, expenses and compensation, on account of or in any way growing out of, and hereafter to grow out of accident at Atlantic City on August 5, 1906, and do hereby for my heirs, executors and administrators, covenant with said Seattle, Renton & Southern Ry. Co. forever to indemnify and save harmless the said Seattle, Renton & Southern Ry. Co. against all claims and demands of all persons for damages, costs, expenses, or compensation for, or on account of, or in any way growing out of said accident. (Duly signed and witnessed);"

that, at the time of the making of the delivery of said release, defendant paid to the plaintiff the sum of $600, and at various times between the 3d day of October, 1906, and the 24th day of March, 1908, the defendant paid to C. L. Norbom the sum of $771, for treatment of plaintiff by said Norbom as mentioned in said release, and also that the defendant had paid to divers physicians for medical examinations of said plaintiff the sum of $17.50.

Plaintiff's reply alleges that, immediately after the injury to the plaintiff as set forth in the complaint, defendant sent to plaintiff a physician and the said C. L. Norbom, medical gymnast, and the said physician and medical gymnast examined the plaintiff as to the extent and nature of his injuries, and then and there advised plaintiff that his injury was not of a serious nature and would not prove permanent; that they could and would effect a cure of said injury within six months, and that plaintiff's only loss by reason of such

injury, in case he would sign said agreement, would be a loss of part of his time during the period necessary to effect a cure; that at the time of signing said agreement, plaintiff did not know the extent or nature of his injury, and had no means of knowing the same other than through the statements of said physician and gymnast, and that plaintiff believed the statements of said physician and medical gymnast to be true and, relying upon the same, signed said agreement; that the said statements and representations were not true, and were made for the purpose of inducing the plaintiff to sign said agreement, and the defendant so knew at the time of making such agreement; that after the signing of such agreement, the plaintiff took treatment of said Norbom as directed by the defendant, until said Norbom advised plaintiff that he could not be cured, that his injury would prove permanent, and that any and all treatment that Norbom could give plaintiff would not cure him; that plaintiff thereupon consulted another physician, and upon being advised by him that his injury could not be cured but would prove permanent, plaintiff acted upon the advice of the said Norbom, and such treatment was discontinued; that he has at all times been willing to take treatment from said Norbom, or any treatment provided that would benefit or cure plaintiff of his injury; that he only discontinued taking said treatment upon the advice of said Norbom that it would not relieve said injury. There were other allegations of like import. Upon these pleadings the case went to trial, resulting in a verdict in favor of the plaintiff in the sum of $750. Judgment was entered for said sum, and appeal followed.

This case was before this court once before, and is reported in 55 Wash. 625, 104 Pac. 825, where the circumstances are stated at length. Upon the close of the evidence in that case, counsel for defendant moved for a nonsuit, which was granted; from which disposition of the case an appeal was taken to this court, the judgment of the lower court was reversed, and the cause sent back for trial. An

examination of the contentions in that case as shown by the briefs filed, a reference to which has been made in the examination of this case, and of the opinion filed therein, convinces us that all material questions which are raised by appellant in this case were substantially decided in that. Many errors are assigned, mostly going to the refusal of the court to give instructions asked by the appellant, and errors alleged by reason of instructions given to which exceptions were taken by counsel for appellant. The instructions offered were long and involved and full of repetition. The portions of the instructions asked which the court refused to give, we think were properly refused under the prior decision in this case and the law generally; and the instructions given covered the case in its entirety and were as favorable to the interests of the defendant as the law would permit.

It is, however, contended by the appellant that, under a contract of settlement and release, the defendant company was compelled to make the payments to Norbom for his services, and did so only in furtherance of and in carrying out its agreement under the contract. It is confessed that the $600, paid by the defendant to the plaintiff at the time the release was signed, was, under the instruction of the court, taken into consideration by the jury, and defendant was allowed a credit therefor under the verdict of the jury. But the contention is that anything that the defendant was called upon to pay, and did pay under the terms of the contract, if the contract is to be repudiated, should be credited to defendant; that, as it is admitted that the defendant paid out $788.50 under the terms of the contract, the defendant should have been credited with that amount; that, being allowed and credit given on the verdict, defendant would be entitled to a judgment against the plaintiff for the sum of $38.50 as asked for by motion; and that it was error to deny such motion and enter judgment on the verdict of the jury for $750, or in any other sum.

There seems to us to be no merit in this contention. The

expenditure of $788.50, while admitted, was not made to respondent, and respondent has never had any benefit of said payment. It was paid to appellant's employee, the medical gymnast, Norbom, and others, for the purpose of carrying out the requirements of its agreement with the respondent; and when it failed to carry out that agreement—for the essence of the agreement was the cure of the plaintiff, and not simply the subjecting of him to treatment at the hands of Norbom—any expense which was incurred in that futile attempt surely ought not to be charged up to the plaintiff. It evidently was not the intention of the jury that the amount of their verdict should be offset by the price of these services by Norbom, for the verdict was: "We, the jury in the above entitled cause, do find for the plaintiff in the sum of $750 over and above the $600 already paid to him." Were appellant's contention true, if the respondent had sued for $1,000 damages and established that claim, and the appellant had shown that in an attempt to carry out its agreement with respondent, which failed without fault on the part of respondent and without any benefit whatever to respondent, it had expended the sum of $2,000, the result would be, taking the whole transaction into consideration, that the respondent, who was justly entitled to $1,000 damages, instead of obtaining a judgment for that amount, would find himself with a judgment against him in favor of the appellant for the sum of $1,000. It seems to us that this contention cannot be sustained in reason.

Finding no reversible error, the judgment is affirmed.

ELLIS, CROW, MORRIS, and CHADWICK, JJ., concur.