GILES A. BECKWITH vs. REBECCA COWLES ET AL.

Second Judicial District, Norwich, April Term, 1912.
PRENTICE, THAYER, RORABACK, WHEELER and HOLCOMB, Js.

A specific devise of land and buildings carries with it the right of immediate possession.

The title and right of possession of a devisee under such a specific devise are sufficient to enable him to maintain an action to obtain a conveyance of the land devised from one who holds a deed from the testator induced by undue influence, for the release of a mortgage made by such grantee, and for damages.

A demurrer to the prayer for relief, on the ground that it demands a reconveyance instead of a conveyance, is purely technical and does not concern the substantial rights of the parties.

The rule that one who asks for the rescission of a contract, or a reconveyance, cannot retain the consideration received, has no application except in cases where the party from whom the relief is sought acted in good faith and without knowledge of incapacity on the part of the grantor.

Where a deed of land is secured by undue influence from an aged and incompetent man, such incompetency being known to the grantee, and the only consideration being a verbal promise to care for the grantor for the remainder of his life, the devisee, on the death of the grantor, may bring suit for a reconveyance, without offering to pay the expenses incurred by the grantee for the support of the grantor.

Where it does not appear from the record that the decision of a question involved was embraced in the judgment, it does not follow necessarily that there should be a new trial. Not only must the question be raised upon the trial, but it must be embodied in the request for a finding.

Argued May 3d—decided July 19th, 1912.

SUIT for a conveyance of real estate, the release of a mortgage, and for damages, brought to the Superior Court in New London County where a demurrer to the complaint was overruled (*Greene, J.*), and the cause was afterward tried to the court, *Ralph Wheeler, J.;* facts found and judgment rendered for the plaintiff, from which the defendant Cowles appealed. *No error.*

*Hadlai A. Hull* and *Charles Hadlai Hull,* for the appellant (defendant Cowles).

*Christopher L. Avery,* for the appellee (plaintiff).

RORABACK, J.   The following facts, among others, appeared in the complaint or were found by the Superior Court: Jason B. Beckwith died April 23d, 1909, leaving a will, dated December 4th, 1905.   By this will, which was duly probated, he specifically devised to his son, the plaintiff in this action, a portion of his real estate, known as the Beckwith homestead, situated in the town of Waterford.   The Beckwith homestead, so devised, was of the value of $1,700.

After the death of his wife, in 1892, Mr. Beckwith never engaged in any business, but lived with his children (the plaintiff and his daughters, Mrs. Charles Lamphier and Mrs. Freeman Brown) until October, 1908.   During this period he was cared for under an arrangement entered into between his children.

October 21st, 1908, he went to live with the defendant Rebecca Cowles, under an arrangement with the plaintiff and his sister Mrs. Brown, whereby Mrs. Cowles agreed to board, lodge, and care for Jason during the winter of 1908 and 1909, for $5 per week.  It was also agreed that Mrs. Cowles' compensation should be increased if Mr. Beckwith's condition changed so as to require greater care.   From October 21st, 1908, until March 10th, 1909, the sum of $5 per week was paid in advance, as agreed.

March 16th, 1909, Jason B. Beckwith executed and delivered a warranty deed to the defendant Cowles of the homestead, which had been specifically devised to the plaintiff by his father in the will of 1905.   This deed was immediately recorded.   It was given upon the verbal promise that Mrs. Cowles should care for Mr.

Beckwith during the remainder of his life. About six weeks after the death of Mr. Beckwith, Mrs. Cowles gave a mortgage for $600 upon the property in question to the defendant Rogers, which mortgage was thereafter recorded. The deed to Mrs. Cowles was given substantially under the following circumstances: Jason B. Beckwith at this time was about eighty-seven years of age, in poor health, of unsound mind, and incapable of attending to business affairs. Mrs. Cowles, with full knowledge of his condition, by various means clearly constituting undue influence, induced him to make the deed and contract in question.

The finding also discloses that $450 is a reasonable allowance for all the services rendered and expenditures made by Mrs. Cowles under the arrangement which she made with Jason B. Beckwith when she obtained a conveyance of his real property.

The mortgage to the defendant Rogers was taken by him in good faith and for the consideration of $600 loaned by him to the defendant Cowles.

The plaintiff, prior to the institution of this action, never offered to pay the defendant Cowles for board and care of Jason B. Beckwith after March 16th, 1909; nor did he offer to repay Rebecca Cowles for any money disbursed by her since that date; nor did he acquiesce in said Cowles obtaining the aforesaid deed, or in any expenditures made by her on the security of such deed. Within one week after March 16th, 1909, application for a conservator over Jason B. Beckwith was duly made by Giles A. Beckwith, for the purpose of setting aside the deed of Jason B. Beckwith to Rebecca Cowles, and a copy of this application was duly served upon Rebecca Cowles, which application was pending at the time of the death of Jason B. Beckwith.

The Superior Court, from facts set forth at length in the finding, reached the conclusion that an uncon-

scionable advantage was taken of Mr. Beckwith in the conveyance of this property. Judgment was rendered for the plaintiff that the defendant Cowles convey to the plaintiff the equity in the real estate in controversy; that she pay the plaintiff $150; that the plaintiff pay the defendant Rogers the principal of the mortgage note and interest; and that upon such payment Rogers release to the plaintiff the mortgage given by Mrs. Cowles.

Numerous errors are assigned, only five of which are pursued in argument.

The complaint is attacked by demurrer upon several grounds, the main one being that the Superior Court erred in ruling that the action should not have been brought by the executor. It appears from the complaint that at the time of his death Jason B. Beckwith had other property, sufficient to fully settle his estate without resorting to the realty now in controversy. The defendant Cowles, by demurrer, admitted these alleged facts to be true. The devise to the plaintiff being a specific one, and of the character described, carried with it the right of immediate possession. *Foote* v. *Brown*, 81 Conn. 218, 224, 225, 70 Atl. 699. The plaintiff's title and right of possession were sufficient to maintain this action.

The defendant Cowles demurred because the plaintiff, in his prayer for relief, demanded a reconveyance, instead of a conveyance, of the real estate in question. A demurrer for such a cause is purely technical, and does not concern the substantial rights of the parties.

The defendant Cowles contends that the court erred in rendering judgment for the plaintiff, because he never offered to reimburse her for moneys disbursed by her in the performance of her agreement with Jason B. Beckwith. It is the general rule that, where one seeks the advantage of a rescission of a contract, or re-

conveyance, he should not be permitted to retain the consideration received by him. In other words, he who seeks equity must first do equity. But this rule has no application, except in cases where the grantee acted in good faith and without knowledge of the grantor's incapacity. *Coburn* v. *Raymond,* 76 Conn. 484, 489, 57 Atl. 116.

In the present case, the court has found that the defendant Cowles acted in bad faith, and with full knowledge of the grantor's mental condition. Upon the facts found, the plaintiff was not required to reimburse the defendant Cowles. She entered into no agreement in any form with the plaintiff, except the one of October, 1908, which was not made the basis of any claim in the transaction of March, 1909, upon which she relied. Her acquisition of this real estate was not in the good faith that enabled her, in relinquishing the property acquired, to demand from any one that she be restored to her former status. She was at fault in entering into the contract under which she expended money and rendered services. The decree of the court, that she be fully reimbursed for these claims from the money which she obtained from Rogers by placing a mortgage upon the premises in controversy, certainly went as far in her behalf as the circumstances set forth in the record would permit.

The defendant Cowles, in her second defense, alleged in substance that the plaintiff, by his course of conduct with reference to the performance of the contract made with Jason B. Beckwith, was estopped from maintaining this action. These allegations were denied by the plaintiff. She now contends that the court erred in omitting to determine this question. . The record does not show that this question was directly disposed of by the judgment. But it does not necessarily follow that there should be a new trial on that account. Except

for her answer, it nowhere appears that she insisted upon any such claim in the trial of the case below, or intimated to the trial court that she desired this question reviewed by us.

By statute it is made one of the conditions precedent to the right to have a finding at the hands of a trial judge, that the party desiring to appeal present a written request therefor, which shall embody a statement of the questions of law which it is desired to have reviewed. General Statutes, § 793. The advantages to be gained, and the dangers to be avoided, by a compliance with the requirements of this statute, that the proposed finding of facts must contain "a statement of the questions of law arising thereon which it is desired to have reviewed," are so obvious and so important to the orderly and intelligent administration of justice that the requirement ought to be enforced, not only in its letter, but in its spirit. "Otherwise, unnecessary burdens will be imposed upon trial judges who, being compelled to prepare their findings in ignorance of appealing counsel's grievances, will be driven to make every finding comprehensive of all facts which might become pertinent to possible questions of law, or whose omission might create an opportunity for such questions. Otherwise, the records of this court will be unnecessarily encumbered with immaterial matter. Otherwise, the door would be open to surprise and unfair attack. The statute has attempted to prevent these results by a simple treatment which can be a hardship upon nobody." *Clark's Application*, 79 Conn. 136, 139, 64 Atl. 12.

Upon the assumption that this question is involved and decided by the trial court in its judgment, it is evident from the finding that there is no error in this connection. It fairly appears that the plaintiff never waived any right to obtain a cancellation of this deed.

The same considerations are a complete answer to the claim of the defendant Cowles that the court erred in failing to rule, as a matter of law, that the conduct of the plaintiff, as set forth in the finding, constituted a confirmation or ratification of the conveyance and agreement between Jason B. Beckwith and her, and an estoppel of the plaintiff from maintaining this action.

There is no error.

In this opinion the other judges concurred.