HERMAN QUITTNER ET AL. vs. WILLIAM A. COMSTOCK ET ALS.

* First Judicial District, Hartford, March Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

The bona fide owner and assignee of a mortgage who acquired the same for value has a right to rely upon, and to foreclose, the apparent record title of the mortgagor, which cannot be questioned by the latter or one claiming under him, nor by any equitable owners of the land for whom the mortgagor was in fact a trustee.

Submitted on briefs March 7th—decided June 1st, 1917.

SUIT to foreclose a mortgage of several tracts of land and for possession of the premises, brought to and tried by the Superior Court in Fairfield County, *Williams, J.;* facts found and judgment rendered for the plaintiffs, and appeal by the defendants Comstock and Roberson. *No error.*

*George P. Rowell* and *Warren F. Cressy*, for the appellant (defendant Comstock).

*Warren F. Cressy*, for the appellant (defendant Roberson).

* Transferred from third judicial district.

*John Keogh* and *Nehmiah Candee,* with whom was *John T. Dwyer,* for the appellees (plaintiffs).

SHUMWAY, J.   This is an action to foreclose a mortgage.   This case was tried with the case of Fosdick *vs.* Roberson *et al.,* and by stipulation of the parties all the facts found in that case, so far as applicable to this, are to be considered as part of the record.   The only additional fact found, is that the plaintiffs in this action are the bona fide holders and owners of the mortgage, and they acquired the same for a valuable consideration.   The mortgage in question is the one given by Roberson to Fosdick as part of the consideration for the conveyance to Roberson by Fosdick of seven parcels of land, and these parcels are the same described in the deed and referred to in the first case.   The plaintiffs hold the same by assignment.

The mortgage was clearly given for the benefit of the purchaser of the land, and the assignee of the mortgage had a right to rely upon Roberson's apparent title, and that title cannot be questioned by Roberson, Comstock, or any of the equitable owners of the land. The trial court gave judgment for the plaintiffs, foreclosing the defendants unless the mortgage note was paid before February 1st, 1916, and absolute title to the premises will pass to the plaintiffs if the defendants fail to pay the amount due, freed of any trust and foreclosing the equitable interest of the persons for whom Comstock may be regarded as trustee, though they are not made parties to the action.

There is no error.

In this opinion the other judges concurred.