LILLIAN OLSON, petitioner,

*v.*

ANGELO PIAZZA, defendant.

[Decided May 20th, 1921.]

A suit for annulment of marriage was commenced by a feeble-minded woman, not found to be a lunatic on inquisition, upon the ground that she was of unsound mind and did not have capacity to give consent to the marriage; and her mental incapacity has persisted ever since. The defendant not appearing, the cause was prosecuted *ex parte*, and was referred to a special master who has reported in favor of a decree of nullity.—*Held*, that petitioner did not have capacity to instruct solicitors to bring the suit. *Held, further*, that the cause will be stayed to allow some proper person to come forward and apply to be appointed next friend of the petitioner to further prosecute her suit.

On petition, &c. On final hearing for annulment of marriage *ex parte*.

*Messrs. Pomerehne & Laible,* for the petitioner.

WALKER, CHANCELLOR.

The petition in this case alleges that on August 5th, 1920, a form of ceremony of marriage took place between the petitioner and defendant in the city of New York; that at that time the petitioner was incapable of consenting thereto, being a person of feeble and unsound mind, bereft of reason to truly comprehend the nature of the marriage contract and deprived of will to give

intelligent consent thereto. Further on in her petition she alleges that her mind "is as immature as that of a young child, susceptible to any influence or persuasion on the part of another, depriving her of the power of deliberation and choice," and that she has been since childhood, and still is, under the care and treatment of physicians. The proofs which have been taken before a special master sustain these allegations. She has not been found to be a lunatic on inquisition.

The master's report being presented to me for review and determination as to whether or not a decree *nisi* should be granted, the question at once presented itself as to whether or not this suit was providently brought, and, upon careful consideration, I am obliged to say that it was not.

A solicitor can no more obtain authority from a person *non compos mentis* to commence a suit than he could obtain authority from an infant to acknowledge service of a subpœna and defend a suit. *Bunting* v. *Bunting, 87 N. J. Eq. 20*.

In *Norcom* v. *Rogers, 16 N. J. Eq. 484*, Chancellor Green held that a lunatic sues only by his committee or guardian, or in certain cases by the attorney-general or next friend; that the right of appearing and prosecuting or defending any action in any of the courts of this state in person or by solicitor or attorney is expressly limited by statute to persons of full age and sound memory; that a bill exhibited by a person of unsound mind must have been filed without authority of law, and should, therefore, be taken from the files. See also *Collins* v. *Toppin, 83 N. J. Eq. 381; Kroehl* v. *Taylor, 69 N. J. Eq. 525*.

In *Collins* v. *Toppin, supra* (at *p. 383*), Vice-Chancellor Pitney held that in the case of an infant or lunatic suing by a next friend, no authority, for obvious reasons, can be presumed, and the next friend must have the leave of the court manifested by an order made by the chancellor.

It appears upon the facts in the petition before me that the petitioner, although of age, was as much incapacitated from giving authority to file the petition as she was from giving consent to the marriage which in form was solemnized between her and the defendant, and which the petition seeks to annul.

As the defendant has not appeared and moved to take the bill from the files, the court itself must now interfere upon the principle that in *ex parte* cases the court represents the absent defendant to the extent of seeing to it that no judgment shall pass against him unless the adversary party is strictly entitled thereto. *In re McCraven,* 87 *N. J. Eq. 28, 32*. The order of reference in this case was inadvertently made, and, had the petitioner's want of capacity been made known to the court at the time that the order was applied for, the cause would have been arrested then.

Notwithstanding the defect in the proceeding, the order of reference need not necessarily be vacated and the petition dismissed, for, in *Lamb* v. *Lamb, 23 Atl. Rep. 1009,* an aged person of feeble mind brought suit, and after all the testimony in the case was produced, the defendant for the first time moved for an order to take the bill from the files; and the court held that when a complainant, not an idiot or lunatic, but aged and feeble minded, is permitted to proceed with her suit until her testimony is all produced before any objections are made for want of proper parties, the bill will not be dismissed, but a next friend will then be appointed.

Whoever instructed the solicitors of the petitioner should have come forward and asked to be appointed next friend for the purpose of bringing the suit. The petitioner, herself, was incapable of properly instructing them. In *Norcom* v. *Rogers, supra,* the complainant had been found to be a lunatic upon inquisition. Neither in *Collins* v. *Toppin,* nor in *Kroehl* v. *Taylor, supra,* had the incapacitated party been found to be a lunatic by inquisition, and the latter cases stood before the court in the same situation as this one.

The cause will be stayed to allow some proper person to come forward and apply to be admitted as next friend to further prosecute the suit.