## Lucien Mandeville *vs.* Louis S. Jacobson.

Maltbie, C. J., Hinman, Banks, Avery and Brown, Js.

Argued January 5th—decided February 4th, 1937.

*Lorin W. Willis,* for the appellant (defendant).

*William Dorkin,* for the appellee (plaintiff).

AVERY, J.  The plaintiff brought this action to recover damages for injuries claimed to have been received by him on February 9th, 1935, at about 5.45 p.m., while crossing Colorado Avenue in the city of Bridgeport.  He claimed that as he was proceeding easterly on the north side of State Street and was crossing Colorado Avenue, he was run into by an automobile proceeding in the same direction on State Street which turned northerly into Colorado Avenue and struck him as he was crossing, knocking him down and injuring him.  He claimed that the collision was caused by the negligent operation of the automobile by the defendant.  The case was tried to the jury and resulted in a verdict for the plaintiff.

The only question involved upon this appeal is as to the instructions of the trial court with respect to a release claimed to have been given by the plaintiff to the defendant subsequent to the accident.  An examination of the pleadings discloses that the complaint contained the usual allegations of negligence.  Nothing was said in it about a release.  The answer denied the allegations of the complaint and set up as a special defense that, on the day in question, the plaintiff, for a valuable consideration, released in writing the defendant from all claims or suits arising out of the alleged accident.  In the reply, the plaintiff denied the truth of the matters contained in the special defense and further alleged that if given the release was induced by false and fraudulent representations made

to the plaintiff by the defendant. To this reply, the defendant filed a rejoinder denying the allegation that the release was induced by false and fraudulent representation.

At the trial, the plaintiff claimed to have proved that after the accident he was taken by the defendant in the latter's automobile to the Bridgeport Emergency Hospital for treatment. Before leaving the hospital, the defendant was advised by the doctor in charge to take the injured man to St. Vincent's Hospital for an X-ray. After leaving the emergency hospital, the plaintiff was informed by the defendant that the latter had no insurance, was out of work and that times were hard with him. He then asked the plaintiff whether or not he would accept $10 instead of paying the hospital for an X-ray, and the plaintiff, relying on the truth of the statements made by the defendant, agreed to accept this sum, whereupon the defendant took him to the store of Lawrence W. Snow on State Street, where a release was prepared and signed by the plaintiff and $10 was paid by the defendant to him therefor. The defendant had insurance upon the automobile and times were not bad with him.

Upon this state of the pleadings and the claims of proof of the parties, the trial court instructed the jury as follows: "The defendant has pleaded, as a special defense, after denying any liability, that the plaintiff released him from any claim, and settled his case in other words, for $10. The plaintiff answers that by saying that the release is not valid and binding because it was obtained by the defendant's having induced it by false and fraudulent representations made to the plaintiff. The plaintiff has offered evidence to the effect that on the night in question, and outside of the emergency hospital, the defendant, first telling him that there was no insurance on the car, and that he, the

defendant, had no property, and things were rather tough with him, prevailed upon him to accept a settlement, which he would not otherwise have entered into; and that thereby in law the defendant had worked a fraud upon him by inducing him to do something which he would not otherwise have done, which, if true, would render the release null and void. In this element of the case . . . the plaintiff would have to prove by a fair preponderance of the evidence that at the time he was induced to sign this release the statements of the defendant were in fact false, and worked a fraud upon him; and that he would not have otherwise been induced to sign the paper, before you can find that it was not a release. Unless it was induced by statements by the defendant which in fact misled and fraudulently misled the plaintiff, it would be no more than a settlement of an action between the parties. The law looks with favor upon people composing their differences, and if both parties at that time honestly thought the injury was trivial and if the amount paid was fair in accordance with what they both thought, and that there was no disability on the part of the plaintiff, then, no matter what may have happened afterwards as to the injury being greater than the plaintiff anticipated, nevertheless the difficulty would have been settled. This latter is what the defendant claims in this case, that they voluntarily settled their dispute."

In this appeal, the defendant assigns error in this part of the charge, his claim in substance being that the fraud claimed in the present case was not one inherent in the execution of the instrument, but rather one relating to collateral matters to secure its execution; and that the release was not void ab initio but at the most voidable. The defendant claims that the trial court, under the circumstances, should have in-

structed the jury that a condition precedent to the plaintiff's right of recovery was that he allege and prove that within a reasonable time after he discovered defendant's fraud he gave notice of his intention to rescind and not to be bound by the claimed release and return or offer to return the consideration received therefor.

It is undoubtedly true in actions brought asking for a rescission of a contract a party, as a condition precedent to recovery upon this ground, subject to certain recognized exceptions, must restore or offer to restore the other party to his former condition as nearly as possible. *Bitondi* v. *Sheketoff,* 91 Conn. 123, 126, 99 Atl. 505; *Wilson* v. *Nichols,* 72 Conn. 173, 180, 43 Atl. 1052; *Gustafson* v. *Rustemeyer,* 70 Conn. 125, 135, 39 Atl. 104; 3 Black, Rescission & Cancellation (2d Ed.) § 617. See *Beckwith* v. *Cowles,* 85 Conn. 567, 571, 83 Atl. 1113; *Schnieder* v. *Raymond,* 106 Conn. 72, 76, 136 Atl. 874; *Tappan* v. *Knox,* 115 Conn. 508, 511, 162 Atl. 7. In actions for personal injuries, however, there is great disagreement among the authorities whether the restoration of, or an offer to restore, the consideration of a release claimed to have been procured by the fraud of the other party is a condition precedent to a right to maintain an action upon the original case. See notes, 35 L. R. A. (N. S.) 660 (*Pattison* v. *Seattle, R. & S. Ry. Co.,* 64 Wash. 370, 116 Pac. 1089); L. R. A. 1918F, 1073 (*Swan* v. *Great Northern Ry. Co.,* 40 N. D. 258, 168 N. W. 657, 660); 53 C. J. 1196. It is unnecessary to determine in the instant case whether an allegation of tender was required and the effect of the absence of such an allegation. As we have pointed out, the pleadings did not raise any such question and, as far as appears, no such point was raised at the trial and there were no requests to charge made of the court. "If a reply of fraud is made to a plea of release,

and no objection is at any time, by pleading or otherwise, made to the sufficiency of the plaintiff's case for failure to tender or return the fruits of such release, and the defendant insists on its validity as a defense, he thereby waives the necessity for a tender, especially when the fruits of a release are restored to him by the judgment and there is no prejudicial error in the omission to allege or prove an offer to return those benefits, even if such offer were otherwise necessary to avoid the release." 23 R. C. L. 415; *Girard* v. *St. Louis Car Wheel Co.*, 123 Mo. 358, 27 S. W. 648, 25 L. R. A. 514, 517. The charge as given was adapted to the issues raised by the pleadings and sufficient for the guidance of the jury, and the trial court was not bound to instruct the jury as to a possible defense which was not raised by the pleadings or otherwise claimed at the trial. *Vinci* v. *O'Neill*, 103 Conn. 647, 656, 131 Atl. 408; *Madison* v. *Guilford*, 85 Conn. 55, 62, 81 Atl. 1046.

In his brief, the defendant refers to an assignment of error based upon the claimed failure of the trial court to instruct the jury adequately upon the question of fraud. The defendant's claim in effect is that the trial court's charge upon this subject did not leave for the determination of the jury the question of plaintiff's reliance on such false representations as were alleged to have been made. We find no error in the instructions of the court upon this point. In the very next paragraph of the charge to the one referred to by the defendant, the jury were informed that the plaintiff to recover must prove that the statements made by the defendant were in fact false and that the plaintiff would not have otherwise been induced to sign the document.

After verdict and before judgment, the trial court ordered a remittitur of the $10 paid by the defendant

which the plaintiff accepted. This action was proper. The amount paid for a release should be credited on the verdict or judgment rendered. *Beckwith* v. *Cowles, supra*, p. 571; *Union Pacific Ry. Co.* v. *Harris,* 158 U. S. 326, 333, 15 Sup. Ct. 843, 845; *Ingram* v. *Carlton Lumber Co.,* 77 Ore. 633, 643, 152 Pac. 256, 259; *Sanford* v. *Royal Ins. Co.,* 11 Wash. 653, 664, 40 Pac. 609, 612; 63 C. J. 1234.

There is no error.

In this opinion the other judges concurred.