[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 426 
In pursuance of authority heretofore granted by the Chancellor, Anna Scerva has instituted and prosecuted this alleged cause of action in behalf of her mother, Elizabeth Buddy. The primary object of the action is to nullify a lease dated April 6, 1946, by which Elizabeth Buddy, as lessor, purported to demise to the defendants the premises designated as No. 18 Alden Avenue, at Roebling, Burlington County, New Jersey.
I shall not undertake to compose a narrative of all of the events and circumstances of gradational significance revealed by the evidence in this case.
I am persuaded that by reason of her bodily afflictions, her age, her illiteracy, her enfeebled mind, and the *Page 427 
intrinsic features of the lease, the lessor did not possess the ability to understand, in a reasonable manner, the nature and effect of the transaction in which she engaged. Campana v.Angelini, 132 N.J. Eq. 285, 289, 28 Atl. (2d) 223.
I need mention only some of the considerations that have guided me to the conclusion expressed. Although the lessor was at the time of the execution of the lease 85 years of age, yet the term of the tenancy was for ten years with an option to extend it for ten additional years. Certain obligations were imposed by the lease upon the lessees, but the option accorded them to purchase the demised premises was to retain its vitality "without regard to the performance (by them) of the aforesaid conditions and covenants." The lessor was unable to sign her name. She signified her acquiescence by her mark.
The transcendent occurrence was the preparation a few days later of an affidavit by the attorney who was in attendance at the execution of the lease. The deponent named in the affidavit is the subscribing witness to the lease who stated "that he believes she (the lessor) was of sound and disposing mind, memory and understanding at the time of the execution of the instrument."
The following excerpts extracted from the cross-examination of the attorney are illuminative:
"Q. Mr. Buddie (the defendant) thought he needed protection?
A. Yes.
 * * * * * * * * *
Q. What protection did he need?
A. The fact that he was entering into this long term agreement.
 * * * * * * * * *
Q. Why was it necessary to put on the bottom of it that she was of sound and disposing mind and memory and understanding at the time of the execution of the instrument?
A. I can't explain that."
Shakespeare wrote, "When clouds are seen wise men put on their cloaks." *Page 428 
An example of a case prosecuted by a next friend appointed by the Chancellor for a like purpose is Collins v. Toppin,65 N.J. Eq. 439, 55 Atl. 124, affirmed 66 N.E. Eq. 430,57 Atl. 1131. The rule is recognized in Krochl v. Taylor,69 N.J. Eq. 525, 61 Atl. 257, and Olson v. Piazza,92 N.J. Eq. 475, 476, 114 Atl. 330.
The evidence indicates that alterations, installations, and repairs have been made to the demised premises by the defendants since the execution of the lease. The reasonable cost of the materials and of the labor performed personally by the defendant Mr. Buddie is said to have been $3,723.31. In the circumstances of the present case, are the defendants entitled to reimbursement?
I take it to be the general rule in our equity jurisprudence that, where one seeks the advantage of a rescission of an agreement, he should not be permitted to retain the considerations and benefits which he has received. He who seeks equity must first do equity. The right to reimbursement, however, is normally available only to a defendant who has acted in good faith and without notice or knowledge of the incapacity of the party with whom he contracted. Eaton v. Eaton,37 N.J. Law 108, 116; Coburn v. Raymond, 76 Conn. 484, 57 Atl. 116;Beckwith v. Cowles, 85 Conn. 567, 83 Atl. 1113, 1114;46 A.L.R. 416, 418, et seq., supplemented 95 A.L.R. 1442.
In the present suit it seems evident that something caused the defendants at least to suspect the incapacity of the lessor.Vide, Matthiessen Weichers Refining Co. v. McMahon's Adm'r,38 N.J. Law 536. What else motivated the accompanying affidavit of the mental competency of the lessor?
In any event the equitable liability of reimbursement by the plaintiff to the defendants is not to be measured by the amount of the defendants' labor and expenditures, but by the enhanced value, if any, of the demised premises resulting from the improvements so made. Thornton v. Ogden, 41 N.J. Eq. 345,7 Atl. 619; 31 C.J. 334; 9 C.J. 1267. There is no directly pertinent evidence by which it can be definitely determined whether the improvements did in fact increase the fair market value of the premises and if so, in what amount. *Page 429 
Counsel for the plaintiff acknowledges that the installation of the new heating system at a cost of $1,580 is an improvement of permanent value. Some of the other renovations are probably of a like character, elevating somewhat the valuation of the premises.
A judgment will be granted annulling the lease and directing the defendants to surrender possession of the premises to the plaintiff upon the latter tendering to the defendants the sum of $2,000 less the taxed costs in this suit, which are allowed to the plaintiff.