PETER SOBASKO, CONSERVATOR *v.* LEON RYWOLT ET AL.

SUPERIOR COURT    FAIRFIELD COUNTY    FILE No. 85203

Memorandum filed April 23, 1952.

*Boardman, Stoddard & McCarthy,* of Bridgeport, for the Plaintiff.

*Curtis, Trevethan & Gerety,* and *Friedman & Friedman,* both of Bridgeport, for the Defendants.

KING, J. This is an action seeking to set aside a deed from Kathleen Rywolt to the defendant Rywolt. It is brought by the plaintiff, as conservator of the grantor, under an appointment made about eighteen months after the execution of the deed.

The first count alleges, in effect, that the grantor (plaintiff's ward) was incompetent, and that the defendant grantee (Rywolt) fraudulently took advantage of that incompetency to obtain the deed without consideration. The second count alleges, in effect, that the defendant grantee (Rywolt) obtained the deed by the exercise upon the grantor of coercion and undue influence. Neither incompetency nor lack of consideration is alleged. More specific statements were filed as to each count but quite properly these did not change the basic claims originally made.

Paragraph 4 of each count alleges that the Southport Savings Bank, also made a party defendant, claims to have an interest in the property by virtue of a mortgage deed given by the defendant grantee (Rywolt) about a month before the plaintiff's appointment as conservator.

The prayers for relief are in the alternative and ask (1) that the deed to the defendant Rywolt be set aside and declared null and void and (2) $25,000 damages.

The defendant bank has demurred to the complaint and to the prayers for relief on the basic ground that it is not alleged that it participated in or had knowledge of the wrongful conduct charged against the defendant grantee (Rywolt).

The demurrer to the complaint is not restricted to either count or to either prayer for relief. Consequently, if either count states a cause of action good against the demurrer, or either prayer for relief is justified by the complaint, the demurrer to the complaint or to the relief, as the case may be, must be overruled. *Cole* v. *Hawley,* 95 Conn. 587, 594.

The defendant bank has an interest in the land concerned such that it is a proper if not a necessary party defendant. General Statutes §§ 7825, 7829, 7976.

However, the complaint contains no allegations such that under our law there could be proof of an invalidity in the factum or execution (such, for instance as outright forgery by an utter stranger to the purported grantor) of a nature such as to make the deed void. 16 Am. Jur. 450, § 24. This is especially so in Connecticut since our law is particularly favorable to a bona fide purchaser for value of realty, even where the grantor was an incompetent. *Coburn* v. *Raymond,* 76 Conn. 484, 488; *Beckwith* v. *Cowles,* 85 Conn. 567, 571; *Quittner* v. *Comstock,* 91 Conn. 579, 580.

At most the complaint contains allegations of invalidity in the inducement such as to make the deed voidable. 16 Am. Jur. 451 § 25. And under our law a bona fide purchaser for value from the grantee of a voidable deed can be compelled to reconvey, if at all, only on restoration of the consideration given. *Beckwith* v. *Cowles,* supra; *Quittner* v. *Comstock,* supra.

Here the allegations of the complaint give no hint that the defendant bank was not a bona fide purchaser for value to the extent of the amount owing to it on its mortgage. Since it is a mortgagee and not an outright purchaser, it must relinquish its mortgage interest on payment of the amount owing to it.

As already pointed out the complaint as now drawn alleges no facts such as to make the mortgage invalid as to the bank. But it is obvious that the pleader did not intend to state such a cause of action against the bank. Since it has an interest in the property the deed to which the plaintiff seeks to set aside, it is a proper party and the complaint sets out the true situation as to the bank and nothing more. The complaint is not subject to general attack by demurrer. See Practice Book, Form No. 259 (3d form).

Here the wording of the first prayer for relief is such that if granted the deed to Rywolt would be set aside. If this were literally done, then the bank's subsequent mortgage would be set aside also which, as already pointed out, would be wholly improper. It follows that the first prayer for relief is inefficacious as against the defendant bank.

The second prayer for relief seeks $25,000 damages and is likewise unrestricted. This is too obviously inefficacious as against the defendant bank to merit discussion.

The demurrer to the complaint of the defendant Southport Savings Bank is overruled and its demurrer to the relief is sustained.