[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE NO. 118
On January 20, 1994, the plaintiff, Midlantic National Bank ("Midlantic"), filed a two count complaint against the defendant, Melanie Clack-Blye. The first count of the complaint alleges that Clack-Blye entered into a retail installment contract for the purchase of a used automobile. Midlantic alleges that, despite numerous demands for payment, Clack-Blye has breached the contract by failing and refusing to satisfy the debt. In count two, Midlantic alleges that Clack-Blye has been unjustly enriched "at the expense of the Plaintiff in that he [sic] has received goods and other consideration from . . . [Midlantic] and . . . [Midlantic] has not received any benefit or compensation nor the expected performance by . . . [Clack-Blye] which was the basis of said contract."
On October 26, 1994, Clack-Blye filed a revised answer, special defenses and a counterclaim alleging money damages of $500 as a result of being "defrauded" by Midlantic. By way of her first untitled special defense, Clack-Blye alleges that Midlantic has not obtained a certificate of authority to transact business in Connecticut; therefore, pursuant to General Statutes, Secs. 33-396 and 33-412, Midlantic cannot "maintain any action, suit or proceeding in any court of this state. . . ." Based on the statutes, Clack-Blye alleges that Midlantic has no standing to sue.
By way of her second untitled special defense, Clack-Blye alleges that an employee of the used car dealer who sold her the car, Tenafly Foreign Domestic Cars, Inc. ("Tenafly"), had Clack-Blye sign the retail installment contract before it was filled out. "The salesman did not fill out that portion of the Retail Installment Sale Agreement that had not been preprinted as he had promised the defendant." These facts are all of the allegations contained in the second special defense. CT Page 4338
By way of her third special defense, entitled "Failure of Consideration," Clack-Blye alleges that there has been a failure of consideration that vitiates the retail installment sale agreement based on Tenafly's failure to provide her with a title to the vehicle. Without the title, she cannot register the vehicle. Clack-Blye further alleges that since Tenafly assigned the retail sales installment agreement to Midlantic, the failure of consideration defense is good against Midlantic.
By way of her fourth special defense, entitled "Fraud," Clack-Blye alleges that Midlantic knew she wanted to register her vehicle in Connecticut. She alleges that in the fall of 1992 or the spring of 1993, an employee of Midlantic allegedly phoned Clack-Blye and promised "that if she would send in a payment of $250.00 and promise to resume regular payments, that she [the caller] would obtain a title and send it to . . . [Clack-Blye] so that she could register the car." Clack-Blye sent two checks for $250 and Midlantic failed to send her the title. Based on these allegations, Clack-Blye contends she has been "defrauded."
On November 14, 1994, Midlantic filed a motion to strike each of Clack-Blye's special defenses. Midlantic argues that the first special defense should be stricken as it is legally insufficient. Further, it argues that the remaining three special defenses should be stricken "because . . . Midlantic National Bank has standing to bring this cause of action, the retail installment sale agreement is binding on . . . [Clack-Blye], the retail installment sale agreement is supported by adequate consideration and . . . [Clack-Blye] has not been defrauded in the sum of $500.00."
On November 30, 1994, Clack-Blye filed a memorandum in opposition to motion to strike. In the memorandum, she argues that all of Midlantic's arguments are based on facts that must be adduced at trial; therefore, the motion to strike must be denied. In her memorandum, however, Clack-Blye cites no legal authority in support of her special defenses. For example, in response to Midlantic's argument that the retail installment sale agreement is binding on her, Clack-Blye frames the issue and argues as follows: "3. If the retail installment sale agreement was executed by the defendant prior to completion, does that give rise to a defense? The case quoted by the plaintiff, Mandevillev. Jacobson, 122 Conn. 429 is not in point since it involved an action asking for rescission." Although Clack-Blye has not cited any authority in support of her position, she concludes in her CT Page 4339 memorandum that "[b]y its misstatement of facts and the memorandum based thereon, the plaintiff is attempting to pre-empt the defendant from proving her special defenses at trial." Based on these arguments and conclusions, Clack-Blye contends that the motion to strike should be denied in its entirety.
In ruling on a motion to strike, the court has an "obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). A motion to strike is appropriate, however, where a "`pleading . . . on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted. . . .'" Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991).
I. FIRST SPECIAL DEFENSE
With respect to Clack-Blye's first special defense alleging that Midlantic has failed to obtain a certificate to do business in the State of Connecticut, Midlantic argues in its memorandum that it never engaged in any business in Connecticut with respect to this transaction. These facts are not contained in Clack-Blye's first special defense or in any pleadings filed in this case.
In ruling on a motion to strike, the court may not look outside the pleadings "`and cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Brothers Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "Indeed this court is limited to the facts alleged in the defendants' first special defense and cannot be aided by the assumption of any facts not alleged in that special defense." First Federal Bank ofConnecticut v. Zavatsky, 9 CSCR 420 (March 15, 1994, Moraghan, J.). "`A motion to strike which imparts facts from outside the pleadings is an improper speaking motion to strike.'" Honan v.Pinney, Payne, Van Lenten, Burrell, Wolfe Dillman, 9 CSCR 282,283 (February 25, 1994, Mihalakos, J.), citing Connecticut StateOil Co. v. Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771.
Moreover, the allegation that a corporation failed to obtain the certificate of authority to transact business in the state as required by General Statutes, Secs. 33-396 and 33-412 is appropriately raised by way of special defense. PetersProduction, Inc. v. Dawson, 182 Conn. 526, 529-30, 438 A.2d 747
CT Page 4340 (1980). Further, "whether a foreign corporation is transacting business so as to require a certificate of authority is a question which must be resolved by examining the complete factual circumstances of each case." Id., 529. Therefore, since Midlantic's ground for striking Clack-Blye's first special defense is based on facts not contained in the pleadings and Clack-Blye has sufficiently plead the certificate of authority defense, Midlantic's motion to strike the first special defense is denied.
II. SECOND SPECIAL DEFENSE
Midlantic argues that Clack-Blye's second special defense must be stricken as it does not give rise to a legally sufficient defense and that rescission is not available to Clack-Blye as she has not returned the vehicle identified in the contract to Midlantic.
Clack-Blye's second special defense alleges the following:
 1. The Retail Installment Sale Agreement . . . was prepared by a salesman of Tenafly Foreign Domestic Cars, Inc., of 90 County Road, Tenafly, New Jersey. The defendant cannot decipher the name of said salesman on the Retail Installment Sale Agreement [sic] does not remember it.
 2. The salesman had the defendant sign the agreement before it was filled out.
 3. The salesman did not fill out that portion of the Retail Installment Sale Agreement that had not been pre-printed as he had promised the defendant.
In opposition to Midlantic's motion to strike, Clack-Blye argues that "[t]he case quoted by the plaintiff, Mandeville v.Jacobson, 122 Conn. 429 is not in point since it involved an action asking for rescission." Clack-Blye does not articulate for the court, however, what the legal basis for the special defense is.
Practice Book, Sec. 164 requires, in pertinent part, that special defenses contain facts which are consistent with allegations in the complaint but show, notwithstanding, that the plaintiff has no cause of action. Even when the facts alleged in Clack-Blye's second special defense are viewed in the light most CT Page 4341 favorable to sustaining their legal sufficiency; ConnecticutNational Bank v. Douglas, supra, 221 Conn. 536; they do not establish that Midlantic has no cause of action.
The factual allegations of the second special defense are not aided by Clack-Blye's "memorandum in opposition to motion to strike" as it contains no legal support upon which this court could base a finding that the second special defense is legally sufficient. "When a memorandum of law fails to cite any legal authority, the memorandum is `functionally equivalent to no memorandum at all.'" Milford Bank v. Kerschner Research Development, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 27 70 89 (January 6, 1994, Ballen, J.), citing Gaynor v. Union Trust Co. 216 Conn. 458, 482, 582 A.2d 190
(1990).
Therefore, Midlantic's motion to strike Clack-Blye's second special defense is granted as the allegations contained in the second special defense are legally insufficient to show that Midlantic has no cause of action.
III. THIRD SPECIAL DEFENSE
Midlantic attacks Clack-Blye's third special defense alleging failure of consideration as "untenable." Although the defense may prove to be "untenable," the issue on a motion to strike is not whether the defendant will prevail on the defense at trial; seeSmathers v. Champion International Corp., Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 88 94 69 June 3, 1992, Rush, J.); rather, the focus is whether the special defense is legally sufficient. Connecticut National Bankv. Douglas, supra, 536. Failure of consideration is a legally sufficient special defense to an action for breach of contract. See Copelco Credit Corp. v. Surface Techniques,2 Conn. L. Rptr. 332, 333 (August 9, 1990, Hickey, J.) (the defendant's special defense alleging failure of consideration "raise[s] a defense of want of consideration sufficient to withstand the plaintiff's motion to strike"); see also 6 Williston on Contracts, Sec. 814, pp. 20-21 (3d ed. 1962) (failure of consideration is a defense to an action for a breach of a bilateral contract).
Therefore, since failure of consideration is a legally sufficient defense, Midlantic's motion to strike Clack-Blye's third special defense is denied. CT Page 4342
IV. FOURTH SPECIAL DEFENSE
Midlantic also argues that Clack-Blye's fourth special defense of fraud must be stricken as it fails to allege the essential elements of the defense. Well plead allegations of fraud are properly raised by way of special defense. SeeConnecticut National Bank v. Lewis, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 70 37 18 (May 19, 1994, Hennessey, J.). The elements of fraud are: (1) a false representation made as a statement of fact; (2) an untrue statement known to be so by its maker; (3) a statement made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to her detriment. Mitchell v. Mitchell,31 Conn. App. 331, 336, 625 A.2d 828 (1993). "`[A] promise to do an act in the future when coupled with a present intent not to fulfill it, is a false representation.'" Id.
In its fourth special defense, Clack-Blye alleges, in pertinent part, that the following facts constitute fraud:
 6. In the fall of 1992 and the spring of 1993, a female employee of the plaintiff, whose name is unknown to the defendant, telephoned her in Connecticut.
 7. In the telephone conversation, the female employee of the plaintiff promised the defendant that if she would send in a payment of $250.00 and promise to resume regular payments, that she would obtain a title and send it to the defendant so that she could register the car.
 8. The defendant sent the plaintiff two checks for $250.00 each.
 9. The defendant failed to send the defendant a title for her 1985 Mazda.
 10. Said conduct by the plaintiff defrauded the defendant of said $500.00.
Clack-Blye has failed to allege that Midlantic's female employee made an third special defenses.
Leheny, J. CT Page 4343